F. P. BAUGH, INC., a California corporation, Appellant,

v.

LITTLE LAKE LUMBER COMPANY, aka Little Lake Lumber Co., a partnership, United States of America, et al., Appellees.

No. 17230.

United States Court of Appeals Ninth Circuit.

Oct. 18, 1961.

Petition for Reconsideration Denied Dec. 18, 1961.

Petition for Clarification or Rehearing Denied Jan. 17, 1962.

Falk, Johnson & Cleland, Ukiah, Cal., and Peter L. Townsend, San Francisco, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Fred E. Youngman and Kenneth Levin, Attys., Dept. of Justice, Washington, D. C., Laurence E. Dayton, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before CHAMBERS and MERRILL, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

Appellant seeks to foreclose a chattel mortgage and deed of trust on certain property in California. The United States of America, respondent here, filed a counterclaim for foreclosure of an alleged tax lien. The lower court found for respondent and held that the notice of tax lien was sufficient to place a reasonable prudent person on inquiry and that if inquiry had been made, the person so inquiring would be inevitably led to the conclusion that the Government was claiming a lien on the property of all of the parties doing business as Little Lake Lumber Company and on the property of the partnership itself.

On the 23rd day of November, 1955, an assessment for Withholding [1] and F.I.C.A.[2] taxes was made by the respondent against C. E. McCulloch, Jr., H. W. Bryan and M. L. Kramer, dba Little Lake Lumber Company.

On January 13, 1956, the District Director of Internal Revenue caused a form designated "Notice of Federal Tax Lien Under Internal Revenue Laws" to be filed with the County Recorder of Mendocino County, California. On said date this instrument was indexed in the general index—grantors, defendants, etc., to Charles E. McCulloch and on another page of the index to Little Lake Lumber Company. Said notice read, in part, as follows:

"Pursuant to the provisions of Sections 6321, 6322, and 6323 of the Internal Revenue Code of 1954, notice is hereby given that there have been assessed under the Internal Revenue laws of the United States against the *following-named taxpayer*, taxes (including interest and penalties) which after demand for payment thereof remain unpaid, and that by virtue of the above-mentioned statutes the amount of said taxes, together with penalties, interest, and costs that may accrue in addition thereto, is a *lien in favor of the United States upon all property and rights to property* belonging to *said taxpayer*, to-wit:

"Name of Taxpayer

"Chas. E. McCulloch et al

"Residence or Place of Business

"Little Lake Lumber Co. Box 271 Willits Calif. * * *" (Emphasis added.)

Little Lake Lumber Company is a partnership organized under the laws of the state of California. The title to the property was in the name of said partnership. After said filing and on April 25, 1956, the partnership, for a valuable consideration, made, executed and delivered to appellant a chattel mortgage and deed of trust, which instruments secured the payment of certain promissory notes. These instruments are the basis of the foreclosure proceedings.

After proper assessment the United States has a lien upon all property and *rights* to property, whether real or per-

---

1. 26 U.S.C. § 3401 et seq.

2. 26 U.S.C. § 3101 et seq. Federal Insurance Contributions Act.

sonal, belonging to any person liable to pay the tax.[3] However, with certain exceptions not here applicable, this lien has no validity against a mortgagee until a proper notice has been filed.[4]

It is conceded that the California Recording Statutes [5] meet the requirements of the Federal legislation. For that matter, the filing of the alleged notice by the District Director recognizes the conformity of the California legislation on the subject. Therefore the only matter we have for determination is the sufficiency of the notice of lien and the effect, if any, of the alleged constructive notice of the lien. Federal law determines the priority of competing liens asserted against the taxpayer's "property" or "rights of property." United States v. Vorreiter, 355 U.S. 15, 78 S.Ct. 19, 2 L.Ed.2d 23; United States v. White Bear Brewing Co., 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871; Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365.

Acting under the authority granted by Congress [6] the Commissioner of Internal Revenue promulgated a regulation, effective December 30, 1954, which included a form of notice of lien as follows:

§ 301.6323–1

"* * * (3) Form of notice. The form to be used for filing the notice of lien shall be Form 668, 'Notice of Federal Tax Lien Under Internal Revenue Laws.' Such notice, filed in the office designated by the law of a State or Territory, shall be valid notwithstanding any law of the clerk of the United States District Court for the District of Columbia, if the property subject to the lien is situated *in the District of Columbia.*

"(b) Form of notice.—If the notice filed pursuant to subsection (a) (1) is in such form as would be valid if filed with the clerk of the United States district court pursuant to subsection (a) (2), such notice shall be valid notwithstanding any law of the State or Territory regarding the form or content of a notice of lien."

---

3. 26 U.S.C. § 6321. Lien for taxes
   "*If any person liable to pay any tax neglects or refuses to pay the same after demand,* the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States *upon all property and rights to property, whether real or personal,* belonging to such person."

4. 26 U.S.C. § 6323. Validity against mortgagees, pledgees, purchasers, and judgment creditors
   "(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—
   "(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; or
   "(2) With clerk of district court.—In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law designated an office within the State or Territory for the filing of such notice; or
   "(3) With clerk of district court for District of Columbia.—In the office of

5. California Government Code:
   Sec. 27330. Liens for Federal Taxes
   "Notices of liens for internal revenue taxes payable to the United States and certificates discharging such liens may be filed in the office of the county recorder of the county within which the property subject to the lien is situated."
   Sec. 27331. Federal Tax Liens; Manner of Indexing
   "When a notice of the tax lien is filed, the recorder shall forthwith enter it in an alphabetical federal lien tax index provided by the board of supervisors, showing on one line the name and residence of the taxpayer named in the notice, the collector's serial number of the notice, the date and hour of filing, and the amount of tax and penalty assessed. He shall file and keep all original notices so filed in numerical order and in a file provided by the board of supervisors and designated federal tax lien notices."

6. 26 U.S.C. § 7805(a), (c).

the State or Territory regarding the form or content of a notice of lien. For example, the omission from the notice of lien of a description of the property subject to the lien will not affect the validity thereof, even though the law of the State or Territory requires that the notice of lien contain a description of the property subject to the lien. * * * "

The form of notice used in this case was printed by the Government Printing Office in January, 1955, is designated Form No. 668, and is obviously the form referred to by the Commissioner in the above regulation.

■ It is clear that the Commissioner interpreted the legislation as requiring him to provide a form which would disclose the names of the taxpayers with reasonable preciseness. The contemporaneous construction of a statute by those charged with its administration is entitled to great weight. C. I. R. v. South Texas Lumber Company, 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831; United States v. Leslie Salt Co., 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441; Gray Line Co. v. Granquist, 9 Cir., 1956, 237 F.2d 390, cert. den. 353 U.S. 911, 77 S.Ct. 667, 1 L.Ed.2d 664.

■ We feel that the requirement of the Commissioner, under the approved form, that the taxpayers should be named is wholesome and salutary and fully within the spirit of the legislation which requires the filing of a notice of the lien. The Commissioner, having drafted the form which required the naming of the taxpayer against whom the lien is claimed, should not ask the Court to place in the notice the names of persons whom his draftsman attempted to include by the insertion of the abbreviation of the Latin "et alius" or "et alii." The abbreviation "et al" encompasses both singular and plural and commonly means "and another" or "and others." Black's Law Dictionary, p. 652; Crittendon v. Rogers, 278 Ky. 481, 128 S.W.2d 942, 943; LeBlanc v. Babin, 197 La. 825, 2 So.2d 225, 229.

Prior to 1913, Federal tax liens were valid against bona fide purchasers and mortgagees for value without notice. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705. In 1913 [7] Congress enacted what might be termed the parent of 26 U.S.C. § 6323, "to meet the harsh condition created" by the holding in the Snyder case. United States v. Gilbert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 703, 97 L.Ed. 1071.

The Congress gave full and complete power to the Commissioner to make and enforce the rules and regulations under which the United States may assert its tax liens against those who may be financing the commercial enterprises which are the life blood of the nation's economic strength. To require the Commissioner to abide by the rules which he obviously felt were required to protect such strength is nothing more than good common sense.

■ The statute directs that the lien shall not be *valid* unless a notice is filed pursuant to the statute. "Valid" has a well understood technical meaning, as well as a popular acceptation, and must receive such meaning in the Courts if its use in the statute does not suggest a different one. The word means good or sufficient in point of law; sustainable and effective in law. United States v. McCutchen, D.C., 234 F. 702, 709; Sharpleigh v. Surdam, 21 Fed.Cas. 1173, 1178, No. 12711. The character, operation and extent of the lien must be ascertained by the terms of the statute which creates and defines it. The lien should only extend to persons or conditions provided for by the statute and the regulations, and then only where there has been a substantial compliance with all such requirements. United States v. Beaver Run Coal Co., 3 Cir., 1938, 99 F.2d 610. We hold that the notice was insufficient to perfect the lien against the appellant as to the interests of the partners H. W. Ryan and M. L. Kramer in the partnership property.

The decision of the lower court upholding the validity of the lien was based on

---

7. 37 Statutes at Large 1016.

696

the lower court's finding that the notice was sufficient to place the appellant on inquiry and that an inquiry would have disclosed that "et al" was intended to cover the remaining partners, doing business as Little Lake Lumber Company. There is no claim that appellant had actual notice of the alleged lien.

■ A large segment of the brief of each party is devoted to constructive notice, implied actual notice and inquiry notice. We believe constructive notice includes the other two, and that the factual background in the present case does not suggest an application of the rule. The fact that Little Lake Lumber Company may have been mentioned as part of the address of the taxpayer is of no significance, nor is the fact that the County Recorder concluded it was proper to index the address, as well as the name, of the taxpayer.

■ In any event, the notice does not give rise to a valid lien against the interests of the unnamed partners, even though the evidence disclosed actual knowledge on the part of the mortgagee. We must keep in mind that we are dealing with the validity or invalidity of the lien insofar as the unnamed taxpayers are concerned. It requires no citation of authority to state that statutes *in pari materia* must be construed together. 26 U.S.C. §§ 6321 and 6323 concern themselves with the same subject matter, i. e. the lien of federal taxes and when such lien is valid against a mortgagee and others. We are passing on the validity of the lien, rather than notice of the tax assessments, either actual or constructive. This view finds wholehearted support in United States v. Beaver Run Coal Co., supra. In that case the United States contended that its lien was entitled to priority over the mortgage on the ground that at the time the loan was negotiated and the mortgage executed the mortgagee knew that the Coal Company owed the taxes in question. That case arose at a time when the lien statute required the filing of the notice with the Clerk

of the District Court. A proper notice was filed, but was filed in the wrong district. The mortgagee knew of the existence of the tax assessment.

■ In answer to the contention that the Court should breathe life into the alleged lien by reason of the fact that the mortgagee had actual notice of the tax, the Court said that the statute dealing with the validity of the lien as against a mortgagee was clear and that the Court should not rewrite the statute and read into it restrictions and limitations which were not there. We observe that the Beaver Run case was decided in 1938 and that no Congressional action has ever been taken to modify or change the effect of such decision.

At the time of the arguments, counsel for appellants conceded that the notice was probably good as to the taxpayer C. E. McCulloch, Jr., and that the slight difference between "C. E. McCulloch, Jr." in the assessment and "Chas. E. McCulloch" in the notice was of no consequence. The taxes in question, Withholding and F.I. C.A., were statutory obligations of the partnership and the partners. 26 U.S.C. § 3403; 26 U.S.C. § 3201(a), (c). This distinguishes our problem from United States v. Worley, 6 Cir., 1954, 213 F.2d 509, in which the basis of the tax lien was personal income taxes. The statute [8] is very specific, as applied to McCulloch. It creates a lien upon all his property and *all his rights to property*. These being partnership debts and the debts of the individual partners, a valid lien was created against the interest of McCulloch in the partnership on January 13, 1956, the date of the filing of the notice, and such lien against such interest is prior in time and superior in right to appellant's mortgage lien. The United States has no lien, under the notice in question, against the interests of the remaining partners. Holding that the lien is valid on the partnership interest of McCulloch may not be in accordance with usual concepts of partnership law. However, we are not concerned with those concepts. Rather, we

8.   26 U.S.C. 6321.

are construing federal statutes confined to the unusual and highly technical field of tax law. We cannot, under the clear language of the statutes, permit the interest of McCulloch to escape.

The decree of the lower court is vacated and the cause remanded to the District Court to determine the interest of McCulloch in the partnership property and then enter a decree of foreclosure in accordance with the views herein recorded.

Affirmed in part. Reversed in part.

## ORDER DENYING PETITION FOR RECONSIDERATION.

■ The petition for reconsideration is denied.

The interest of McCulloch subject to the lien is his full interest in the partnership property free and clear of other partnership indebtedness.