791 F.2d 635
 58 A.F.T.R.2d 86-5049, 86-1 USTC P 9434
 TONY THORNTON AUCTION SERVICE, INC.,
v.
UNITED STATES of America, Appellee,
Edward Westerman, d/b/a Westerman Enterprises; Gene Hunt,
d/b/a H & M Oil Co.;
Crawford Oil Company, Inc., Appellant.
Lester E. Cox Medical Center, Inc.; Missouri Division of
Employment Security and Joe W. Davis and Mary Ann
Davis, d/b/a Joe Davis Family Restaurant.
 No. 85-1457.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1986.
Decided May 21, 1986.
 
 Kerry D. Douglas, Bolivar, Mo., for appellant.
 Richard Driscoll, Dept. of Justice, Washington, D.C., for appellee.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Crawford Oil Co. appeals from a final judgment entered in the District Court[1] for the Western District of Missouri finding that appellant would take nothing from an interpleaded fund. Tony Thornton Auction Service, Inc. v. United States, No. 83-3239-CV-S-4 (W.D.Mo. Feb. 7, 1985) (order). For reversal appellant argues that the district court erred in holding (1) federal tax liens for unpaid federal employment taxes attached to proceeds from the sale of property held by the Davises as tenants by the entirety and (2) the notices of federal tax liens were sufficient to establish the validity of the liens against a judgment lien creditor. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In 1977 Joe W. Davis and Mary Ann Davis, his wife, bought a restaurant in Polk County, Missouri. They operated the restaurant together under the trade name "Davis Family Restaurant." The Davises filed quarterly employer's tax returns under the additional trade names of "Davis's Restaurant," "Davis Restaurant" and "Joe Davis Family Restaurant." The restaurant, by whatever name, closed in January 1983. As "Joe Davis and Mary Ann Davis d/b/a Joe Davis Family Restaurant," the Davises contracted with the Tony Thornton Auction Service, Inc. (Thornton), to sell the restaurant equipment. The sale yielded gross receipts of $19,106.44. The proceeds from the sale of the restaurant equipment are the subject of this litigation.
 
 
 3
 Unfortunately, the restaurant and the Davises had failed to pay more than $72,000 in federal employment and employee withholding taxes (hereinafter employment taxes). The United States (hereinafter the government) made assessments against Joe W. Davis and either "Daviss Restaurant" or "Davis's Restaurant" on May 20, 1982, on January 19 and 27, 1983, and on February 23, 1983. The government then filed notices of federal tax liens on May 21, 1982, January 25 and 28, 1983, and March 14, 1983, against Joe W. Davis and either "Daviss Restaurant" or "Davis's Restaurant" with the recorder of deeds of Polk County, Missouri. (The Davises also failed to pay more than $1,600 in federal individual income taxes and also filed notices of federal tax liens. The federal tax liens for the Davises' individual income taxes are not at issue in the present case.)
 
 
 4
 On February 15, 1983, the government served a notice of levy against Thornton for the proceeds of the sale of the restaurant equipment to pay the unpaid employment taxes. On March 7, 1983, Thornton filed an interpleader action in state court and deposited the proceeds of the sale (the interpleaded fund) with the clerk of court. In addition to the Internal Revenue Service, the defendants in the interpleader action included appellant, the Missouri Department of Revenue, Edward Westerman d/b/a Westerman Enterprises, Gene Hunt d/b/a H & M Oil Co., Lester E. Cox Medical Center, the Missouri Department of Employment Security, and Joe Davis and Mary Davis d/b/a Joe Davis Family Restaurant.
 
 
 5
 On March 21, 1983, appellant obtained a default judgment in the Circuit Court of Polk County, Missouri, against "Joe Davis and Mary Davis d/b/a Joe Davis Family Restaurant" in the amount of $11,716.84, plus interest and costs. Appellant had supplied petroleum products to the Davises for resale at the restaurant.
 
 
 6
 On April 7, 1983, the government removed the interpleader action to federal district court.
 
 
 7
 On February 4, 1985, appellant caused the clerk of the Circuit Court of Polk County to issue a writ of execution in order to satisfy its default judgment out of the interpleaded fund. The sheriff of Greene County then executed the writ on February 6, 1985, by serving a notice of garnishment and summons against the clerk of the Circuit Court of Greene County, the state court in which the interpleaded fund had been deposited.
 
 
 8
 The case was tried before the district court on February 7, 1985. All parties consented to the payment from the interpleaded fund of Thornton's claim for commission and expenses in the amount of $4,499.97. The district court held that the notices of federal tax liens filed by the government were adequate, ordered Thornton's claim and all costs to be paid out of the interpleaded fund, and then awarded the balance of the interpleaded fund to the government. Tony Thornton Auction Service, Inc. v. United States, No. 83-3239-CV-S-4 (W.D.Mo. Feb. 7, 1985) (order). The district court specifically noted that appellant would take nothing from the interpleaded fund."Property" or "Right to Property" Subject to Attachment of Lien under 26 U.S.C. Sec. 6321
 
 
 9
 For reversal, appellant first argues that the district court erred in holding that federal tax liens for unpaid federal employment taxes attached to the proceeds from the sale of the restaurant equipment. Appellant argues that under Missouri law the Davises held the restaurant as husband and wife and, when the restaurant was sold, the proceeds retained the characteristics of tenancy-by-the-entirety property. Appellant argues that because the assessments for unpaid employment taxes and the notices of federal tax liens were made only in the names of Joe W. Davis and either "Daviss Restaurant" or "Davis's Restaurant," but not in the name of Mary Ann Davis, the government is a creditor of only one spouse, Joe Davis. Because under Missouri law a judgment against one spouse alone " 'cannot affect in any way property held by [the husband and wife] by the entireties,' " appellant argues that there was no property interest to which the federal tax liens could attach, citing United States v. Hutcherson, 188 F.2d 326, 330 (8th Cir.1951) (Missouri law) (citation omitted).
 
 
 10
 We agree with appellant's reference to and statement of Missouri law about the estate of tenancy by the entirety.
 
 
 11
 The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ... sought to be reached by the statute." ... [Section 6321] "creates no property rights but merely attaches consequences, federally defined, to rights created under state law...." However, once the tax lien has attached to the taxpayer's state-created interests, we enter the province of federal law, which we have consistently held determines the priority of competing liens asserted against the taxpayer's "property" or "rights to property."
 
 
 12
 Aquilino v. United States, 363 U.S. 509, 512-14, 80 S.Ct. 1277, 1279-81, 4 L.Ed.2d 1365 (1960) (citations and footnotes omitted).
 
 
 13
 In United States v. Hutcherson the husband individually owed federal income taxes; the government filed a notice of federal tax lien against the husband individually. Id. at 327. As stated by the court, the issue was "whether the [federal tax] lien actually attached to the husband's interest [in the property held by him and his wife as tenants by the entireties]." Id. at 328. The court reviewed Missouri property law in order to determine what "property" or "rights to property" the husband had to which the lien could attach. The court concluded that
 
 
 14
 in Missouri the estate [of tenancy by the entirety] has retained the characteristic of immunity of the interests of each spouse in the estate from attachment, levy, or the liens of the creditor of one only of the tenants, as an essential characteristic.... "[W]e conclude that where a judgment and execution thereon are against a husband alone, not including the wife, such judgment and execution cannot affect in any way property held by them by the entireties, nor can it affect any supposed interest of the husband therein, for he has no separate interest."
 
 
 15
 Id. at 330 (citation omitted). Thus, the court held that the federal tax lien did not attach because "the interest of one spouse in the estate by the entirety in Missouri is not a right to property or property in any sense." Id. at 331.
 
 
 16
 If the unpaid employment taxes were owed only by one spouse, we would agree that the holding in United States v. Hutcherson would control. However, in the present case both spouses were liable for the unpaid employment taxes because they were partners, or joint venturers, in the restaurant. The partnership (the restaurant) and the individual partners (Joe W. Davis and Mary Ann Davis) were jointly and severally liable for the taxes validly assessed against the partnership. See, e.g., F.P. Baugh, Inc. v. Little Lake Lumber Co., 297 F.2d 692, 696 (9th Cir.1961) (Little Lake ), cert. denied, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 404 (1962); Underwood v. United States, 118 F.2d 760, 761 (5th Cir.1941); Lidberg v. United States, 375 F.Supp. 631, 633 (D.Minn.1974); American Surety Co. v. Sundberg, 58 Wash.2d 337, 363 P.2d 99, 103 (1961) (Sundberg), cert. denied, 368 U.S. 989, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962). The joint liability of the two spouses can be satisfied out of property held by the entirety. See United States v. Hutcherson, 188 F.2d at 330 ("[N]either spouse individually has such an interest in an estate by the entirety as will permit the adherence thereto of the claims or liens of the creditor of only one spouse."); cf. Whittaker v. Kavanagh, 100 F.Supp. 918, 920 (E.D.Mich.1951) (Michigan law on tenancy by the entirety; joint income tax return); see generally 4A R. Powell, Law of Real Property p 623, at 699 (P. Rohan rev. ed. 1982). Because the government was a creditor of both spouses and because under Missouri law tenancy by the entirety property is not immune from the liens of a creditor of both spouses, the district court did not err in holding that federal tax liens for unpaid federal employment taxes attached to the proceeds from the sale of the restaurant equipment.
 
 
 17
 Sufficiency of Notice of Lien under 26 U.S.C. Sec. 6323(f)
 
 
 18
 As noted above, the proceeds constituted "property" to which the federal tax liens could attach. The federal tax liens attached when the taxes were assessed, 26 U.S.C. Sec. 6321; however, federal tax liens are not "valid" against a judgment lien creditor until the appropriate notice is filed, id. Sec. 6323(a), (f).[2] Appellant was a judgment lien creditor at the latest as of February 6, 1985, when its writ of garnishment and summons was served upon the clerk of the Circuit Court of Polk County, Missouri. See United States v. Pioneer American Insurance Co., 374 U.S. 84, 88-89, 83 S.Ct. 1651, 1654-55, 10 L.Ed.2d 770 (1963) ("The federal rule is that liens are 'perfected in the sense that there is nothing more to be done to have a choate lien--when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.' ") (later modified by the Federal Tax Lien Act of 1966, Pub.L. No. 89-719, 80 Stat. 1125, codified in 26 U.S.C. Sec. 6323(c) ).
 
 
 19
 Appellant argues that the notices of federal tax liens were insufficient to establish the validity of the liens against a judgment lien creditor. The notices were filed only in the names of Joe W. Davis and either Davis's Restaurant or Daviss Restaurant and not in the name of Mary Ann Davis. In Missouri the notices are indexed alphabetically by the name of the taxpayer. Appellant argues that because the notices were filed only in the names of the partnership and one partner, they were insufficient to perfect a lien against the property of an unnamed partner, citing Little Lake, 297 F.2d at 696, and In re Robby's Pancake House of Florida, Inc., 24 B.R. 989, 995-96 (Bankr.E.D.Tenn.1982) (Pancake House ). We disagree.
 
 
 20
 As a preliminary matter, we note that the only property at issue in the present case is the interpleaded fund.
 
 
 21
 The sufficiency of the notice is a question of federal law. E.g., United States v. Union Central Life Insurance Co., 368 U.S. 291, 296, 82 S.Ct. 349, 352, 7 L.Ed.2d 294 (1961).The essential purpose of the filing of the lien is to give constructive notice of its existence. The test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim.
 
 
 22
 United States v. Sirico, 247 F.Supp. 421, 422 (S.D.N.Y.1965) (footnotes omitted); see Haye v. United States, 461 F.Supp. 1168, 1173-74 (C.D.Cal.1978); Sundberg, 363 P.2d at 103.
 
 
 23
 We hold the district court correctly found that the notices were sufficient to establish the validity of the liens against a judgment lien creditor under 26 U.S.C. Sec. 6323(a). The notices were filed on Form 668, the form prescribed by the Secretary of the Treasury, and the notices specified "Joe W. Davis" and either "Daviss Restaurant" or "Davis's Restaurant" in the space designated for the name of the taxpayer. A reasonable and diligent search would have revealed the existence of the notices of the federal tax liens filed under these names. See Sundberg, 363 P.2d at 103 (notice filed under partnership name of "Oscar Sundberg and Sons" was notice not only to anyone dealing with Oscar Sundberg but also to those dealing with sons Carl and Thor Sundberg).
 
 
 24
 We believe the cases cited by appellant are distinguishable on the facts. In Little Lake the notice did not include the partnership name as taxpayer. The notice was filed in the name of only one of the three persons ("Chas. E. McCulloch et al"); "Little Lake Lumber Co." was specified only as the residence or place of business. The court held that the abbreviation "et al" was not effective to place in the notice the names of the unnamed partners, 297 F.2d at 695, and, even though the partnership name was specified as part of the address of the taxpayer and the notice was in fact indexed by the address as well as by the name of the taxpayer, the government had no lien, under the notice, against the interests of the unnamed partners in the partnership property. Id. at 696. In Pancake House the names of the partnership and the individual partner in question were not similar. The notice was filed in the partnership name of "LaForce-Walker Construction Co." The court held that the notice was not "sufficient to perfect a lien against the property of an individual partner (R.K. Walker), absent the circumstance of a partnership name which is so similar to the name of an individual partner that a reasonable search would disclose the notice." 24 B.R. at 996.
 
 
 25
 We hold the district court correctly found that the notices were sufficient to perfect the federal tax liens against appellant, as a judgment lien creditor, as to the interests of both Joe W. Davis and Mary Ann Davis in the proceeds of the sale of the restaurant property.[3]
 
 
 26
 Accordingly, the judgment of the district court awarding the balance of the interpleaded fund, after payment of costs and Thornton's claim for commission and expenses, to the government is affirmed.
 
 
 
 *
 The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri
 
 
 [2]
 26 U.S.C. Sec. 6323(a) provides in part: "[T]he lien imposed by section 6321 shall not be valid as against any ... judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary...." Subsection (f) provides: "The form and the content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."
 
 
 [3]
 In view of our analysis and affirmance of the judgment of the district court, it is unnecessary to discuss appellant's claims that the district court erred in relying upon the pleadings filed by the government to perfect the notices and in failing to find that appellant was a judgment lien creditor