682 F.Supp. 999 (1988)
UNITED STATES of America, Plaintiff,
v.
Dormilee MORTON, et al., Defendants.
No. 87-0045C(6).
United States District Court, E.D. Missouri, E.D.
April 4, 1988.
Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.
John D. Beger, Rolla, Mo., for defendants Dormilee, Gary, Judith and Kenneth Morton, James and Vicki Woods.

*1000 MEMORANDUM OPINION
GUNN, District Judge.
The United States seeks to reduce to judgment certain tax assessments for unpaid federal withholding and FICA taxes made against defendant Dormilee Morton in the sum of $44,680.52. It also seeks to set aside transfers of certain real property as fraudulent conveyances and to foreclose the tax liens on such property.
The cause arises out of the tax consequences of the operation of the Morton Construction Company in Salem, Missouri by defendant Dormilee Morton and her son Steven Morton.[1]

FINDINGS OF FACT
Until his death in 1980, Cody Morton, deceased husband of Dormilee Morton, operated a commercial and residential construction business from his home in Salem. Upon Mr. Morton's intestate death, Dormilee Morton succeeded to her husband's ownership interest in the business, including ownership of supplies, materials and construction equipment. Steven Morton, the son, took over the operation and management of the construction company, with Mrs. Morton contributing the capital assets of business, which consisted of the construction equipment. The operation ceased in 1985.
Between 1980 and 1984, the Morton Construction Company employed laborers and other persons to construct commercial and residential buildings and was required to withhold federal withholding and Federal Insurance Contributions Act (FICA) taxes from the wages paid to its employees.
For the taxable quarters between 1980 and 1984, Employer's Quarterly Federal Tax Returns and Employer's Annual Federal Unemployment Tax Returns for the Morton Construction Company were filed with the Internal Revenue Service in the names of Dormilee Morton and Steven D. Morton, partners, by Steven D. Morton.
Due to business conditions and difficulties, the Morton Construction Company failed to make the required deposits of federal withholding and FICA taxes or otherwise pay the amounts of these taxes over to the United States. A delegate of the Secretary of the Treasury properly and timely made assessments against Dormilee Morton and Steven D. Morton, partners, Morton Construction Company, for delinquent taxes, penalties and interest for the taxable periods in the amount of $44,460.52.
Notices of federal tax liens under the Internal Revenue Code for the assessments were filed properly with the recorder of deeds of Dent County, Missouri.
From time to time Mrs. Morton would sign bank notes and supporting documents granting security interests in the equipment, designating the borrower as "Dormilee Morton and Steven Morton d/b/a Morton Construction Company." In addition, Mrs. Morton also provided funds for the operation of the business.
The telephone listing for the business was situated in Mrs. Morton's home where she also received the business mail.
Partnership returns signed by Steven Morton and filed with the Internal Revenue Service for the taxable years 1980-82 listed Dormilee Morton as a partner in the Morton Construction Company. Mrs. Morton's individual tax returns for 1981 and 1984 reported her distributive shares of profits and losses from Morton Construction Company on attached Partner's Share of Income, Credits, Deductions, etc., schedules. Mrs. Morton did not protest taxes assessed against her, and I.R.S. officials made frequent attempts to secure delinquent returns and taxes.
Dormilee Morton asserts that she should not be liable for taxes, as she was not a general partner in the business but, at most, a limited partner. In support of this contention she notes Steven Morton's indication on the appropriate tax forms that the Morton Construction Company was a *1001 limited partnership and that Steven was the general partner. In 1981, Dormilee's K-1 form was executed to indicate that she was a "silent" partner, vis-a-vis a general partner.
Prior to March 19, 1984, Dormilee Morton was the owner of 92.1 acres of farmland in Dent County, Missouri on which she lived. On March 19, 1984, five months after the I.R.S. demand on her for payment of the delinquent taxes of the Morton Construction Company, Dormilee Morton conveyed all of the land to her children and their spouses by separate warranty deeds. Each transfer was made without any consideration, and each deed contained a clause as follows:
Except that as long as Dormilee Morton cares to, shall live in the house, and shall have full and unrestricted control of the lands and buildings described above, and shall receive all benefits thereof.
After the transfers Dormilee Morton continued to occupy her home on the farm and to receive from unrelated persons the rents and profits therefrom. She continues to pay real estate taxes assessed against a portion of the property.[2]
The I.R.S. contends that the conveyances of property were fraudulent and designed to avoid payment of delinquent taxes.

CONCLUSIONS OF LAW

I. Tax Liability
The United States of America filed its complaint in this action on January 12, 1987. Suit was authorized by the District Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and was brought at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.
The Court has jurisdiction of this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402. Venue is proper pursuant to 28 U.S.C. § 1396.
Defendant Dormilee Morton suggests to the Court that she is only a limited partner in the Morton Construction Company and is thereby exempt from tax assessments against the business. In this regard, she relies upon Cube-H Investments v. Price, 58 A.F.T.R.2d (P-H) 86-5615 ¶ 86-5177 (W.D.Wash.1986) [Available on WESTLAW, 1986 WL 10512]. The Court finds Price inapplicable, because there is no limited partnership in this case.
State law is not controlling on the question of whether a partnership exists for federal income tax purposes. Kohl v. Commissioners, 170 F.2d 531 (8th Cir. 1948), cert. denied, 337 U.S. 959, 69 S.Ct. 1528, 93 L.Ed. 1756 (1949), reh'g denied, 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513 (1949). But it is essential that a limited partnership be validly organized and conducted under state law before it will be recognized as such for tax purposes. Finlen v. Healy, 187 F.Supp. 434 (D.Mont. 1960).
The record here belies the existence of a limited partnership. Section 359.020, R.S.Mo.1986 sets forth in substantial detail the requirements for the formation of a limited partnership. None of the statutory requirements has been fulfilled.
Rather, it is apparent from the credible evidence before the Court that Dormilee Morton and Steven Morton were general partners or, at a minimum, joint venturers, in the business, sharing joint liability for the taxes due. Bank of St. Louis v. Morrissey, 442 F.Supp. 527, 529 (E.D.Mo.1978), aff'd, 597 F.2d 1131 (8th Cir.1979), appertains to the issues of this case, for in Morrissey the Court concluded that a limited partnership was never formed because the limited partnership agreement was not signed, recorded or published. Id. at 532. The same situation exists in this case.
Moreover, there is no evidence which suggests the existence of a limited partnership other than Steven Morton's designation of the partnership as such on the tax returns for the business in 1980 and 1982 and, Dormilee Morton's 1981 individual return containing a notation to indicate that *1002 she was a "silent partner" in the business. All other evidence establishes Mrs. Morton's participation in the business as a general partner, or, at least, a member of a joint venture and, hence, her responsibility for taxes owed. See 26 U.S.C. §§ 761(a) and 7701(a)(2); Smith's Estate v. Commissioner, 313 F.2d 724, 728 (8th Cir.1963) (partnership includes joint venture); see also Tony Thornton Auction Service, Inc. v. United States, 791 F.2d 635, 638 (8th Cir.1986) (joint venturers jointly and severally liable for federal employment taxes assessed against a partnership).
Mrs. Morton contributed all the capital assets to Morton Construction Company, granted the Bank of Salem, as lender of money, a security interest in the machinery and equipment of the business, paid the assessed penalty for failure to file a partnership return for the period ending the year 1980 and acknowledged that she owed the taxes assessed for the business in 1981 and 1982. She also took advantage of the 50% distribution share of the 1984 business loss on her 1984 individual return.
Although tax returns filed for the years 1980-82 are marked as being for a limited partnership, based on the foregoing actions and participation of Mrs. Morton, the Court concludes that she was not, in fact, a limited partner. The business was a general partnership or, at least, a joint venture. Bank of St. Louis v. Morrissey, 442 F.Supp. at 532. The mere marking on the tax returns of "limited partner" has no effect when it is clear that no limited partnership, either de facto or de jure, exists.
Thus, the reasons are twofold for denying Mrs. Morton's asserverations that she was a limited partner in Morton Construction Company: 1) utter failure to comply with the Missouri statutory requirements for establishing a limited partnership, and 2) her general involvement in the business.
Any suggestion by Mrs. Morton that the United States is estopped to assert the tax assessment must fail. There is no evidence that she was induced to rely on any statement that she was a limited partner. There is a total absence of affirmative misconduct by the government agents, which destroys any basis for an equitable estoppel claim. Chien-Shih Wang v. Attorney General of the United States, 823 F.2d 1273, 1276 (8th Cir.1987); United States v. Manning, 787 F.2d 431, 436 (8th Cir.1986).
Dormilee Morton must, therefore, be held accountable for the taxes assessed for the years involved despite the fact she may not have had a direct role in the various construction projects of Morton Construction Company. See Boone v. United States, 374 F.Supp. 115, 119-20 (D.N.D. 1973) (taxpayer liable for tax assessment of joint venture although not actively engaged in business operations).

II. The Real Property Issue
The Court must conclude that the conveyance of 92.1 acres of farmland from Dormilee Morton to her children and their spouses was fraudulent and designed to elude payment of taxes.
Five months after being confronted with the matter of the delinquent taxes, Dormilee Morton made the attempt to transfer title to the land. But as the government argues, the transactions were characterized by so-called "badges of fraud" in an obvious effort to avoid the tax payment.
United States v. Jones, 631 F.Supp. 57 (D.C.Mo.1986) is closely related to this case. Quoting from Thomas v. Shoots, 651 S.W.2d 663, 665 (Mo.Ct.App.1983), the Court lists the following "badges of fraud":
1) conveyance to a near relative;
2) conveyance in anticipation of suit;
3) a transfer of all or nearly all of a debtor's property;
4) insolvency;
5) inadequate consideration;
6) unusual clauses in instruments or unusual methods of transacting business;
7) retention of possession by the debtor; and
8) the failure to produce abutting evidence when the circumstances surrounding the transfer are suspicious.
Id. at 60.
In this case the following badges exist: conveyance to children; notice of tax delinquency *1003 and discussion of methods to acquire money to pay the taxes; transfer of nearly all the taxpayer's property to her children and their spouses for no consideration; the unusual method of business transaction clause leaving full and unrestricted control of the lands and possession of the house in the taxpayer.
The Court finds a lack of credible evidence of a valid justification for the transfer of the property except to avoid subjecting it to tax lien.
It is the judgment of the Court that defendant Dormilee Morton is liable for the federal tax assessments of $44,680.52 plus statutory additions to tax according to law.
It is also the judgment of the Court that the transfers of real property referred to in this judgment are determined to be fraudulent under § 428.020, R.S.Mo. (1986) and are hereby set aside to be subject to foreclosure sale by the government on the basis of tax liens filed against said real property. Proceeds of the sale of said property shall be paid in order as follows: costs of the action, including costs of sale; to the United States to the extent of federal tax liens plus any statutory additions to tax; the remainder, if any, to Dormilee Morton.
NOTES
[1] On May 18, 1987, the Court entered default judgment for $44,680.52 in favor of the United States and against Steven D. Morton.
[2] Two children have paid Dent County real estate taxes of $100 or less per year on the properties conveyed to them but do not occupy the land.