**Michael Steven HUDGINS, t/a Hudgins Masonry, Plaintiff–Appellee,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellant.**

**Civ. A. No. 91–5–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 23, 1991.
Amending Opinion July 31, 1991.

**116**

Tom Cain Smith, Jr., Virginia Beach, Va., for plaintiff-appellee.

John Phillip Krajewski, Office of U.S. Atty., John E. Waites, U.S. Trustee, Norfolk, Va., Harry J. Giacometti, Gregory D. Stefano, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

OPINION

DOUMAR, District Judge.

This matter is on appeal from a ruling of the Bankruptcy Court.

Plaintiff in bankruptcy Michael Steven Hudgins, appellee herein, operated a business known as Hudgins Masonry, Inc., which was incorporated until September 1984 when the Virginia State Corporation Commission terminated its certificate for failure to pay its annual registration fees. Neither Hudgins nor the defendant Internal Revenue Service was aware of this termination. Hudgins continued to operate his business under the name Hudgins Masonry, Inc., and the IRS continued to treat the business as a corporate entity. Hudgins continued to file his business and personal tax returns as if the corporation still existed.

The IRS subsequently, in 1989, filed a Notice of Tax Lien on the accounts receivable of Hudgins Masonry, for payment of taxes incurred for the years 1987 to 1989, after Hudgins Masonry Inc. was terminated. The notice was filed with the SCC and the Norfolk Circuit Court in the name of Hudgins Masonry, Inc.

Hudgins filed his Chapter 11 petition in January 1990, in his personal name trading as Hudgins Masonry. Hudgins moved to avoid the 1989 lien of the IRS,[1] asserting that 11 U.S.C. § 362, the automatic bankruptcy stay provision, prohibits collection of the tax debt, and further asserting that the liens were unperfected and thus avoidable under 11 U.S.C. § 545(2). The IRS argues that the doctrine of corporation by estoppel prevents Hudgins from denying the existence of the corporation. The IRS argues alternatively that the notice of the tax lien was perfected pursuant to the notice of provisions of the Internal Revenue Code, 26 U.S.C. § 6323(f).

The Bankruptcy Court granted the debtor's motion, and the IRS appeals.

*I. Does the doctrine of corporation by estoppel operate to remove the accounts receivable of the masonry business from the bankruptcy proceedings?*

■ If a Virginia corporation fails to pay its annual registration fee by September 1, the corporation is automatically terminat-

---

1. An additional tax lien filed by the IRS in February 1990 is not at issue here.

ed. Va.Code Ann. § 13.1–752(A) (1989 Repl.Vol.). An automatic dissolution under this section works a forfeiture of the corporate charter by operation of law, thereby stripping the corporation's legal mandate to exist. As the Virginia Supreme Court has stated, "A dissolved domestic corporation is no corporation at all." *McLean Bank v. Nelson*, 350 S.E.2d 651, 656 (Va. 1986); *accord Moore v. Occupational Safety & Health Review Comm'n*, 591 F.2d 991, 995 (4th Cir.1979).

The IRS, however, argues that under the doctrine of corporation by estoppel, Hudgins Masonry, Inc., continues to exist as an entity separate from Michael Hudgins, and that consequently the Bankruptcy Court lacks jurisdiction to enjoin the IRS from collecting the debt owed by the corporation.

The doctrine of corporation by estoppel is defined in 8 Fletcher's Cyclopedia of the Law of Private Corporations § 3889 as follows:

> Private litigants may, by their agreements, admissions, or conduct, place themselves where they will not be permitted to deny the fact of the existence of the corporation. In other words, the incidents of corporate existence may exist as between the parties by virtue of an estoppel. The corporation, under such circumstances, is often designated a corporation by estoppel.

Thus, a business which holds itself out as a corporation to another party cannot raise, as a defense to an action against it by that party, the nonexistence of the corporation.[2]

It is not clear whether the doctrine of corporation by estoppel is recognized in Virginia. Some old cases applied the doctrine, but their holdings may not have survived revisions of Virginia's corporations statutes. *See Dickenson v. Boyd*, 167 Va. 90, 187 S.E. 479 (Va.1936) (bank which had dealt with business as a corporation estopped to deny its corporate status); *Gudebrod v. Ward's Administrator*, 165 Va. 444, 182 S.E. 118 (Va.1935) (president of organization conducted as corporation could not attack its corporate status in an action challenging his removal by the directors).

If the doctrine of corporation by estoppel is recognized in Virginia, the IRS might be able to assess corporate taxes against Michael Hudgins, trading as Hudgins Masonry, Inc. However, the question on this appeal is not whether the taxes are owed, but rather who is liable for their payment? That is, to whom do the "corporation's" assets actually belong? Title in property cannot vest in a fictional entity.

Under the Virginia Code, when a corporation is terminated for failure to pay its annual registration fees, the assets of the corporation pass to the directors as trustees in liquidation. The trustees are charged with disposing of the corporate assets, discharging the corporation's debts, and distributing the remainder of the assets to the shareholders. Va.Code Ann. § 13.1–752 (1989 Repl.Vol.). The debts referred to by this section are the *pre-existing* debts of the corporation. *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531, 535 (4th Cir.1988).

■ Therefore, Hudgins holds the assets of Hudgins Masonry in trust to the extent necessary to satisfy the debts of the business incurred *before* the S.C.C. terminated its corporate status. The tax liens assessed by the IRS, however, apply to conduct of the business *after* the termination. It is well established that any actions performed by the directors or officers after dissolution, if not related to the process of winding up the corporation's affairs, should be deemed individual actions, with concomitant individual liability therefor. *Moore v. Occupational Safety & Health Review Comm'n*, 591 F.2d at 995; *Flip Mortgage v. McElhone*, 841 F.2d at 535. If an entity is no corporation at all, the individuals who conduct its affairs must be personally lia-

---

**2.** The Court is aware of only one bankruptcy case which applied this doctrine. In *New Haven Radio, Inc. v. Meister (In Re Martin–Trigona)*, 760 F.2d 1334 (2d Cir.1985), the corporate debtor argued that it had never existed because of a defect in incorporation. The Second Circuit held that the debtor was estopped from asserting its non-existence to escape bankruptcy, as it had held itself out as a corporation. 760 F.2d at 1340.

ble for their acts. *McLean Bank v. Nelson,* 350 S.E.2d at 656.

Therefore to the extent that the assets of Hudgins Masonry available to satisfy the tax lien filed by the IRS, once the pretermination debts of Hudgins Masonry, Inc., are satisfied, the assets belong to Michael Hudgins, as he is liable personally for payment of taxes incurred after the termination of Hudgins Masonry, Inc. Those assets are therefore part of the bankruptcy estate and the IRS liens may be avoided, unless the IRS perfected its lien before the petition in bankruptcy was filed.

*II. Did the notices of a tax lien against Hudgins Masonry, Inc., provide constructive notice of Hudgins' federal tax liability?*

■ The Internal Revenue Code provides that a federal tax lien is valid as against third parties if it is perfected by filing under state law. 26 U.S.C. § 6323(a) and (f). The test is "not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial compliance sufficient to give constructive notice and to alert one to the government's claim." *United States v. Sirico,* 247 F.Supp. 421, 422 (S.D.N.Y.1965). Constructive notice puts reasonable persons on notice that they should inquire further; the lien should be discoverable by a reasonable search.

In this case, the lien was filed under Hudgins Masonry, Inc., and not under Hudgins, Michael. Norfolk City Court uses the same index for both corporations and individuals, and indeed, both were indexed on the same page. Hudgins Masonry, Inc. was listed after individuals named Hudgins; however, the individual Hudgins entries were not listed alphabetically by first name.

The issue is whether, under these circumstances, a lien filed under the name Hudgins Masonry, Inc. was sufficient to provide constructive notice of a lien against Michael Steven Hudgins, who traded as Hudgins Masonry. Judge Tice found that it did not. This Court disagrees. In *American Surety Co. v. Sundberg,* 58 Wash.2d

337, 363 P.2d 99 (1961), *cert. den.* 368 U.S. 989, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962), a tax lien notice filed against "Oscar Sundberg & Sons," a partnership, was effective as notice to those dealing not only with Oscar Sundberg but also his sons Carl and Thor Sundberg. In *Hannus v. United States,* 60–2 USTC ¶ 9574 (E.D.Wash.1958), the court that notice of a federal tax lien filed against "Andy Johnston Const. Co." was constructive notice to a subsequent purchaser of the property of "Andrew Johnston." *See also Tony Thornton Auction Service, Inc. v. United States,* 791 F.2d 635 (8th Cir.1986) (notice filed against "Davis's Restaurant," a partnership, and one partner, "Joe Davis," was sufficient as notice against the other partner, "Mary Davis"). The circumstances of this case are more like those in the cases just cited than those in *Haye v. United States,* 461 F.Supp. 1168 (C.D.Cal.1978) (finding no constructive notice), where the incorrect spelling of a taxpayer's name caused notice of the lien to be indexed nine pages and approximately one thousand names prior to is proper location in the index. This case is also unlike *In re Robby's Pancake House,* 24 B.R. 989 (Bankr.E.D.Tenn.1982), where notice of the tax lien was filed under the partnership name "LaForce–Walker Construction Co." which was completely dissimilar to the individual's name "Robert Walker." In that case the bankruptcy court distinguished *Sundberg,* in that *Sundberg* involved an unfamiliar name and close similarity between the name of the partnership and those of the individuals.

Where notice of a lien filed against Hudgins Masonry, Inc., was indexed on the same page as the Michael Steven Hudgins, who traded as Hudgins Masonry, this Court finds that there was constructive notice of a lien against the individual Michael Steven Hudgins.

## CONCLUSION

The ruling of the Bankruptcy Court that the automatic stay provisions apply to the IRS's liens is AFFIRMED. The ruling of the Bankruptcy Court that the IRS did not perfect its lien is VACATED. The case is

REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

## AMENDED OPINION

(July 31, 1991)

This matter is on appeal from a ruling of the Bankruptcy Court. This opinion modifies the Court's opinion of July 23, 1991, in this case. The holding of the July 23, 1991, opinion remains unchanged. However, the following is added thereto:

 Subsequent to issuance of this Court's opinion of July 23, 1991, this Court's attention was directed to Va.Code Ann. § 8.01–450 (1991 Supp.), which provides in relevant part:

> Every judgment shall, as soon as it is docketed, be indexed by the clerk in the name of each defendant, as required by § 17–79, and shall not be regarded as docketed as to any defendant in whose name it is not so indexed.

*See also Richardson v. Gardner*, 128 Va. 676, 105 S.E. 225, 228 (1920) (citing statute). This provision of state law does not affect the Court's decision. The issue plainly is one of constructive notice. *United States v. Sirico*, 247 F.Supp. 421, 422 (S.D.N.Y.1965). Federal law governs the filing of a notice of a federal tax lien, and the states may not prescribe the form or contents of that notice. *United States v. Union Central Life Ins. Co.*, 368 U.S. 291, 293–94, 82 S.Ct. 349, 351–52, 7 L.Ed.2d 294 (1961). The sufficiency of the notice is a question of federal law, and is determined without regard to the precise recording requirements of a particular state. *Id.* at 296, 82 S.Ct. at 352–53; *Tony Thornton Auction Service, Inc. v. United States*, 791 F.2d 635, 638 (8th Cir.1986); *United States v. Winterburn*, 749 F.2d 1283, 1286 (9th Cir.1984). This Court has concluded that the notice in this case was sufficient to give constructive notice of the government's claim.

## CONCLUSION

The ruling of the Bankruptcy Court that the automatic stay provisions apply to the IRS's liens is AFFIRMED. The ruling of the Bankruptcy Court that the IRS did not perfect its lien remains VACATED. The case is still REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion and the opinion of July 23, 1991.

IT IS SO ORDERED.