**In re Ronald D. FOCHT and Lois E. Focht, Debtors.**

**James R. Walsh, Trustee of the Bankruptcy Estate of Ronald D. Focht and Lois E. Focht, Appellee,**

**v.**

**United States of America, Internal Revenue Service, Appellant.**

No. Civ. 97–202J.
Bankruptcy No. 96–2286 BM.

United States District Court,
W.D. Pennsylvania.

Jan. 4, 1999.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

This bankruptcy appeal requires this Court to determine whether the Internal Revenue Service perfected its federal tax lien against debtor Ronald D. Focht, thereby entitling the IRS claim to priority. Debtors Ronald D. Focht and Lois E. Focht, husband and wife, reside at R.R. 1, Box 258, Martinsburg, Blair County, Pennsylvania. R.–dkt. no. 11, exh. 5. Together with their son, Richard T. Focht, they formed a partnership which operated the Country Focht's Restaurant & Bankery at R.R. 1, Box 103, Martinsburg, Blair County, Pennsylvania. R.–dkt. nos. 1, 4 ¶ 8 (complaint and answer).

Beginning in September 1993 and continuing through December 1995, the partnership failed to remit the federal employment taxes due for its employees. On April 22, 1996, the IRS issued an assessment in the amount of $26,925.36 for the unpaid taxes, penalties and interest to:

Country Fochts Restaurant & Bakery
Focht, Lois E. Gen Ptr.

R.–dkt. no. 1, exh. 5. On April 30, 1996, the IRS filed Form 668, Notice of Federal Tax Lien, in the Blair County Prothonotary's Office which referenced the federal lien for $26,925.36 against:

Country Fochts Restaurant & Bakery
Focht, Lois E. Gen Ptr[.]

R.–dkt. no. 1, exh. 6. The Notice indicated that the taxpayer's residence was R.R. 1, Box 103, Martinsburg, Pennsylvania, 16662–9629. *Id.*

Subsequently, on June 3, 1996, Ronald D. Focht and Lois E. Focht filed a voluntary petition seeking protection under Chapter 7 of the Bankruptcy Code. James R. Walsh, Esquire, was appointed Trustee. R.–dkt. no. 11, exh. 5. On July 16, 1996, the IRS filed a Proof of Claim for unpaid taxes which set forth a secured claim in the amount of $34,633.34, an unsecured priority claim for $5,368.50, and art unsecured general claim for $929.95. R.–

dkt. no. 1, exh. 5. On October 24, 1996, the Trustee filed an adversary proceeding against the IRS. Count I of the Trustee's complaint asserted that the federal tax lien against the partnership failed to establish a secured lien against three parcels of real estate owned by debtors Ronald D. Focht and Lois E. Focht as tenants by the entireties because the Form 668 Notice did not identify Ronald D. Focht as a taxpayer. Counts II and III sought to avoid the tax lien pursuant to §§ 544(a)(3)[1] and 547[2] of the Bankruptcy Code. R.–dkt. no. 1 (citing 11 U.S.C. §§ 544(a)(3), 547).

The IRS moved for summary judgment, contending that it had a valid lien against Ronald D. Focht. In response, the Trustee argued that the lien had not been perfected because it failed to satisfy the notice requirements of 26 U.S.C. § 6323 and Treasury regulation 26 C.F.R. § 301.6323(f)–1. In support of his position, the Trustee filed an affidavit which confirmed that the records of the Prothonotary's Office of Blair County are computerized and that a lien search he personally conducted of the names Ronald D. Focht, Ronald Focht and R. Focht did not "disclose the existence of a federal tax lien against Ronald D. Focht." R.–dkt. no. 11, ¶ 5. The only entry indexed under these names was a judgment obtained by Altoona First Savings Bank. *Id.* The Trustee affirmed that the computerized entry for the federal tax lien at issue designated only Country Fochts Restaurant & Bakery and Lois E. Focht, general partner, as the delinquent taxpayers. *Id.* The address set forth on the Form 668 Notice was R.R.1, Box 103, Martinsburg, Pennsylvania, an address which is separate and distinct from the Ronald D. and Lois E. Focht

residence at R.R. 1, Box 258, Martinsburg. *Id.,* exh. 3. The Trustee's affidavit attached a printout of the computerized entry of the Form 668 Notice and the actual Form 668 Notice of record. A comparison of the two documents reveals that they identify the same two entities, *i.e.,* the restaurant and Lois E. Focht, as the delinquent taxpayers, and the same address. Scrutiny of the photocopy of the Form 668 Notice appended to the Trustee's affidavit confirms that it fails to reference Ronald D. Focht in any manner. *Id.,* exh. 4.

The bankruptcy court determined that the IRS' tax lien was not valid against Ronald D. Focht and granted summary judgment for the Trustee.[3] R.–dkt. no. 14. Because the Form 668 Notice failed to identify Ronald D. Focht as a taxpayer, the court concluded that the notice did not comply with the statutory requirements set forth in 26 U.S.C. § 6323 and 26 C.F.R. § 301.6323(f)–1. Accordingly, it held that the lien could not stand.

The bankruptcy court rejected the IRS' argument that the federal tax lien provided constructive notice of the lien against Ronald D. Focht. *See* R.–dkt. no. 14. The bankruptcy judge noted that the Trustee's affidavit indicated that while a search of Country Fochts Restaurant & Bakery revealed numerous tax liens assessed by the Commonwealth of Pennsylvania and against the partnership, *Richard* Focht and his mother, Lois E. Focht, as partners, nothing in the Trustee's search of the indices revealed that Ronald D. Focht had any interest in a business by that name. R.–dkt. no. 14, at 7–8. The judge wrote that a "[r]easonable inspection of the indices maintained by the prothonotary . . .

---

1. Under § 544(a)(3), the Trustee has the right to "avoid any lien avoidable by a hypothetical bona fide purchaser of real property of the debtor as of the date of the commencement of the case." 5 *Collier on Bankruptcy* ¶ 544.02 at 544–4 (15th ed.1996). The purpose of § 544 "is to cut off unperfected security interests . . . as of the commencement of the case." *Id.* § 544.03 at 544–6.

2. Section 547 permits a Trustee to avoid certain prebankruptcy obligations as preferences. 11 U.S.C. § 547.

3. The bankruptcy court did not address the merits with regard to counts II and III of the complaint in the adversary proceeding, noting that the IRS did not dispute that the Trustee was entitled to summary judgment if the lien was unperfected. See R.–dkt. no. 14, at 9–10.

would not ... give constructive notice of the federal tax lien against debtor Ronald D. Focht's interest in the above real property located in Blair County." *Id.* at 7.

Finally, the bankruptcy court refused to apply the Eighth Circuit's decision in *Tony Thornton Auction Service, Inc. v. United States* [86–1 USTC ¶ 9434], 791 F.2d 635 (8th Cir.1986). There, as in the case *sub judice,* the federal tax lien identified a partnership and only one of the general partners, who were husband and wife. Despite the failure to identify the wife on the Form 668, the Eighth Circuit affirmed the district court's order distributing an interpleaded fund to the government for unpaid federal employment taxes, concluding that "[a] reasonable and diligent search would have revealed the existence of the notices of the federal tax liens filed...." *Id.* at 639. The bankruptcy court declined to accord great weight to this decision because it failed to provide any explanation regarding how the Form 668 provided notice of the lien against the wife. R.–dkt. no. 14 at 9.

The IRS' appeal contends that the bankruptcy court erred because the federal tax lien adequately identified the taxpayer. It relies upon *Tony Thornton* and asserts that a "reasonable and diligent search by a competing creditor would certainly reveal the existence of the federal tax lien filed against the debtors." Dkt. no. 2, at 9. The IRS concedes that the avoidance of the tax lien turns on whether its claim against Ronald D. Focht is perfected. *Id.* at 11–12.

■ The bankruptcy court appropriately began its analysis with the statutory provisions creating the lien. As the Third Circuit observed in *United States v. Beaver Run Coal Co.* [38–2 USTC ¶ 9540], 99 F.2d 610 (3d Cir.1938), a case which considered whether a federal tax lien had priority over a mortgage,

> it is well established that the character, operation and extent of the lien must be ascertained from the terms of the statute which creates and defines it, and the

lien will extend only to persons or conditions provided for by statute, and then only where there has been at least a substantial compliance with all the statutory requirements. Positive legislative enactments prescribing conditions essential to the existence and preservation of a statutory lien cannot be disregarded.

*Id.* at 612–13 (quotation marks and citations omitted). Substantial compliance with these statutory requirements serves to give constructive notice of the government's claim. *In re Hudgins* [92–2 USTC ¶ 50,341], 967 F.2d 973, 976 (4th Cir.1992) (quoting *United States v. Sirico* [66–1 USTC ¶ 9209], 247 F.Supp. 421, 422 (S.D.N.Y.1965)).

A lien in favor of the United States for unpaid taxes arises at the time the assessment is made, 26 U.S.C. § 6322. "The lien imposed ... shall not be valid as against any purchaser ... until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a). Subsection (f) sets forth the procedure for filing the notice and specifies that the "form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary." 26 U.S.C. § 6323(f). Treasury regulation § 301.6323(f)–1 provides that the notice "shall be filed on Form 668, 'Notice of Federal Tax Lien Under Internal Revenue Laws.'" 26 C.F.R. § 301.6323(f)–1(d)(1). "A Form 668 must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien." *Id.* § 301.6323(f)–1(d)(2).

■ The requirement that the Form 668 identify the taxpayer is mandatory. *Id.* The identification of Country Fochts Restaurant & Bakery and Lois E. Focht, general partner, on the Form 668 does not identify, as the bankruptcy court noted, Ronald D. Focht as a taxpayer. This defect is fatal because it results in a failure

to provide even constructive notice that Ronald D. Focht had an interest in the Country Fochts Restaurant & Bakery partnership. *Beaver Run* [38–2 USTC ¶ 9540], 99 F.2d at 612 (recognizing that federal tax lien will extend to persons "only where there has been at least a substantial compliance with all statutory requirements").

Like the bankruptcy court, I also decline to follow *Tony Thornton* [86–1 USTC ¶ 9434], 791 F.2d at 638–39. That case fails to explain how the defective Form 668 Notice substantially complied with the statutory requirement that the taxpayer be identified, simply leaping to the conclusion that constructive notice was provided. *Beaver Run,* however, instructs that the first step in the analysis is determining the extent of the compliance with statutory requirements. [38–2 USTC ¶ 9540], 99 F.2d at 612–13.

Consistent with that instruction, I conclude that the Form 668 Notice filed in the Blair County Prothonotary's office against "Country Fochts Restaurant & Bakery [and] Lois E. Focht, Gen. Ptr.[,]" which did not identify Ronald D. Focht as a delinquent taxpayer, did not perfect the IRS's lien against Ronald D. Focht. *Id.* In the absence of a perfected lien against Ronald D. Focht, summary judgment was appropriately granted in favor of the Trustee.

Accordingly, this 4th day of January, 1999, it is hereby

ORDERED AND DIRECTED that the May 19, 1997 order of the bankruptcy court granting summary judgment in favor of the Trustee and against the IRS is AFFIRMED. The Clerk shall mark this case closed.