**Alexandria**

JENNIFER MARIE CRISP

v.

BROWN'S TYSONS CORNER DODGE, INC.

No. 0241-85

Argued October 11, 1985

Decided February 18, 1986

504

COUNSEL

Peter M. Sweeney (James E. Swiger; Ashcraft & Gerel, on brief), for appellant.

Susan A. Evans (Siciliano, Ellis, Sheridan, Dyer & Boccarosse, on brief), for appellee.

OPINION

MOON, J.—Jennifer Marie Crisp, appellant, seeks reversal of a decision of the Industrial Commission which denied her compensation. She asks that we rule as a matter of law that her disability between May 3, 1984, through June 4, 1984, was causally related to injuries suffered in an industrial accident on April 11, 1984. We decline to do so and affirm the Commission's decision because the evidence does not prove that her disability resulted from her injury on April 11, 1984.

The Industrial Commission's findings of fact must be sustained on appeal when supported by credible evidence. *Lewis* v. *Lynchburg Foundry Co.*, 204 Va. 303, 305, 130 S.E.2d 429, 431 (1963); Code § 65.1-98. As the Supreme Court of Virginia stated in *Caskey* v. *Dan River Mills, Inc.*, 225 Va. 405, 302 S.E.2d 507 (1983):

We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact.

*Id.* at 411, 302 S.E.2d at 510-11. (citations omitted). We are, therefore, required to construe the evidence in the light most favorable to the prevailing party, the employer, Brown's Tysons Corner Dodge. *See United Virginia Bank* v. *E.L.B. Tank Con-*

*struction Co.*, 226 Va. 551, 553, 311 S.E.2d 773, 774 (1984).

On April 11, 1984, Jennifer Marie Crisp experienced back pain while lifting a box of machine parts. She did not report the incident to her employer at that time and continued to work until April 17, 1984, when she sought medical treatment from Dr. Stanford Lavine, an orthopedic surgeon. She told Dr. Lavine that she had low back pain "for the past *two weeks.*" (emphasis added). Her description of the onset of pain two weeks earlier would place the origin of the pain eight days prior to the alleged injury date. She also told him that she was having right knee and low back pain which had worsened during the preceding two days. She gave him no history that indicated that she had injured her back on April 11, 1984. Also, on April 17, 1984, Crisp resigned from her employment with Brown's Tysons Corner Dodge and began working as a car cleaner for another automobile dealer. She worked for the second dealer until May 4, 1984, when she was taken to the Commonwealth Hospital emergency room and was admitted by Dr. Norman Marcus. Dr. Marcus' notes state that "[s]he was felt to have a recurrent soft tissue injury of the lumbar spine." There were also notes in the record raising the question of a possible herniated disc or degenerative disc disease. Crisp testified that she had not had any previous back trouble and had not injured herself since April 11, 1984.

The Industrial Commission concluded:

[u]pon this record the Hearing Commissioner found that the claimant's evidence established injury by industrial accident but failed to establish a causal connection between any injury suffered on April 11, 1984 and her subsequent disability. We agree.

Crisp argues that the Industrial Commissioner should have relied upon circumstantial evidence as proof of the connection between the accident and the disability. However, the circumstances, when considered along with the other evidence and construed in the light most favorable to the employer, merely establish that the injuries could have resulted from one or more causes, one of which the employer is responsible for and the others for which it is not. Under such circumstances, the employer is not liable for compensation. *King's Market* v. *Porter,* 227 Va. 478, 484, 317 S.E.2d

146, 149 (1984).

The Commission was justified in finding from the evidence that Crisp had back pain beginning on April 3, 1984; that she exacerbated that pain due to an industrial accident on April 11, 1984; and that the pain subsided for several days and then became worse on or about April 15, 1984. She went to a doctor on April 17, 1984, changed jobs that same day, re-injured her back on May 3, 1984, and was disabled for the period in question. Thus, the Commission could properly have concluded that she did not prove that her period of disability was related to the accident of April 11, 1984, or at least that it was just as probable that her disability was related to other causes for which the employer would not be responsible.

Accordingly, the judgment of the Industrial Commission is affirmed.

*Affirmed.*

Duff, J., and Cole, J., concurred.