COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


WAL MART STORES, INC. AND NATIONAL UNION
 FIRE INSURANCE COMPANY OF PITTSBURGH

v.        Record No. 2546-94-1        MEMORANDUM OPINION[*]
                                      BY JUDGE JOSEPH E. BAKER
RONALD S. BOYCE                           OCTOBER 10, 1995


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Monica L. Taylor (Matthew W. Broughton; Gentry,
               Locke, Rakes & Moore, on brief), for appellants.

               Karen M. Rye (Melody L. Cockrell, on brief),
               for appellee.


     In this appeal from a decision of the Workers' Compensation

Commission (commission), Wal Mart Stores, Inc. and National Union

Fire Unsurance Company of Pittsburgh (employer) contend that the

commission erred in finding that Ronald S. Boyce (claimant)

proved, by a preponderance of the evidence, an injury by accident

arising out of and in the course of his employment.  At oral

argument, employer stated that the narrow issue before the Court

is whether claimant's injury arose out of his employment and

urged that the answer is "no" because the accident was not caused

by an actual risk of claimant's employment.  Employer refines

that assertion to further argue that the injury occurred after

claimant had stretched to lift a small splinter of wood and while

he was recovering from the extended stretch.  We do not agree

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that the actual risk principle prohibits an award under the facts of this case and affirm the commission's decision.

On appeal, we view the evidence in the light most favorable to the prevailing party below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504-05, 339 S.E.2d 916, 916 (1986). Stated in that light, the record discloses that claimant had been in the employ of employer for approximately two and one-half years. At the time of his injury, claimant was at work in his capacity as shoe department manager. In that capacity, his responsibilities included the unloading and clean-up of incoming freight, various paperwork, and payroll scheduling.

On January 11, 1994, while unloading boxes of shoes from a wooden pallet, claimant observed a small piece of wood that had splintered from the pallet. The piece of wood was twelve to sixteen inches long and weighed less than a pound. A pallet, four inches in height, was between claimant and the piece of wood. To "get [the wood] out of the middle of the floor," he stooped down, stretched "out over the pallet to reach . . . it." He felt no pain as he bent to retrieve the item; however, as he began "to stand up, as soon as [he] went to get up" his "back went out" and he felt as if "somebody had stuck a rod up [his] back, like a real bad spasm." Employer does not contend that claimant did not sustain an accidental injury.

Claimant reported the injury to an assistant store manager and left the work he was doing. Later that day, the pain

- 2 -

worsened and he went to see Dr. Thankan B. Pillai, his family physician, who after seeing MRI reports referred claimant to Dr. Richard K. Neal, Jr., a neurosurgeon, who performed a "left partial hemilaminectomy of the L4-5 and a herniated nucleus pulposus, L4 interspace, left," and opined that claimant's condition "developed as a direct result of an injury that he sustained at work on 1/11/94."

A finding by the commission that an injury arose out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989); Park Oil v. Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985). In order to establish an injury by accident, a claimant must prove (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and bodily change. Lane Co. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985). All the cases decided by the Supreme Court of Virginia and this Court that support the Plumb Rite and similar decisions emphasize that the claimant failed to prove an accident, identifiable incident, or sudden precipitating event that occurred at a particular time. The commission's factual findings were (1) that while at work; (2) performing a duty required by his job; (3) at approximately 7:15 a.m. on January 11, 1994; (4) claimant in an awkward

position stretched out while reaching over a pallet; (5) to pick up a twelve to sixteen inch long splinter of wood weighing less than a pound that had fallen on the floor on the opposite side of the pallet from where claimant stood; (6) suffered a sudden severe pain in his lower back as he attempted to return to his standing position; and (7) that the awkward movement was the cause of the condition for which compensation is sought. All of these facts are supported by the record.

Upon appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence. Crisp, 1 Va. App. at 504, 339 S.E.2d at 916. The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings. Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal. Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Employer argues that claimant cannot receive compensation because the injury received was not the result of an "actual risk." While asserting that there is no evidence to support the commission's finding that the injury resulted from an "awkward" stretching to procure the splinter of wood, employer further asserts that if there was an "awkward stretch" that may have been

classified as an actual risk the injury occurred when claimant was returning to his original position and, therefore, the rise was not an actual risk for which compensation may be awarded.

While appearing to concede that claimant sustained an accidental injury in the course of his employment, employer argues that the injury occurred during the return from retrieving the splintered wood, not as claimant reached for it.  Employer argues that because the pain was exhibited only as claimant arose, there was no "actual risk" of employment which supports the award.  It appears that employer asserts that a dangerous and rocky road traveled by the employee is an actual risk of employment which would permit an award of benefits if an employee was injured thereon; however, if the employee was injured on that road upon his return to a safe place, the injury would not be compensable.  We disagree and find that there is credible evidence in the record to support the commission's decisions and its judgment is affirmed.

<u>Affirmed.</u>