COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0633-95-4       JUDGE LARRY G. ELDER
                                        OCTOBER 31, 1995
STEPHEN E. RICHESON


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Frank R. Kearney (Robert C. Baker, Jr.; Mell,
           Brownell & Baker, on brief), for appellant.

           William A. Musto (Koonz, McKenney, Johnson &
           DePaolis, on brief), for appellee.



     Washington Metropolitan Area Transit Authority (employer)

appeals the commission's award of benefits to Steven Richeson

(claimant) for disability due to carpal tunnel syndrome.  The

sole issue on appeal is whether sufficient evidence established

claimant suffered from a disease.  We hold the commission did not

err in determining that claimant suffered from the disease of

carpal tunnel syndrome and that an award of benefits was

appropriate.

     Employer employed claimant as a "mechanical helper rail,

p.i. (periodic inspector)."  Claimant began to experience

numbness in his hands before November 1991.  In early 1993

claimant noticed a numbness in his right hand, especially after

periods of prolonged gripping while working.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On February 4, 1993, claimant came under the care of Dr. Jimmy A. Chow, a hand surgeon. Dr. Chow diagnosed bilateral carpal tunnel syndrome, which he characterized as a median nerve compression neuropathy at the wrist caused by repetitive motion injury from work. On April 28, 1993, Dr. Chow performed neurolysis of the median nerve at the right carpal tunnel and neurolysis of the ulnar nerve at the right wrist. Dr. Chow released claimant to light duty work status on September 14, 1993. In response to questions from claimant's counsel on April 15, 1994, Dr. Chow indicated claimant developed bilateral carpal tunnel syndrome, an occupational disease, due to the repetitive and sustained nature of his work.

At employer's request, Dr. Thomas R. Shepler, also a hand surgeon, evaluated claimant on February 7, 1994. While Dr. Shepler agreed claimant developed carpal tunnel syndrome, he did not believe work related activity caused the condition. Dr. Shepler opined that claimant's work activities merely aggravated the underlying condition and caused it to become symptomatic.

On October 14, 1994, the deputy commissioner found the evidence sufficiently established an occupational disease (bilateral carpal tunnel syndrome), which resulted in claimant's disability. On March 3, 1995, the full commission affirmed this finding and awarded benefits. The commission found claimant's carpal tunnel syndrome met the test set forth in Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993).

2

"Upon appellate review, the findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence."  Commonwealth/Dept. of State Police v. Haga, 18 Va. App. 162, 166, 442 S.E.2d 424, 426 (1994).  This Court construes the evidence in the light most favorable to the prevailing party below, claimant in this instance.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  We hold sufficient credible evidence supports the commission's finding that claimant's condition was compensable as an occupational disease.

The commission recognized, "Dr. Chow, in his various reports, clearly set forth his opinion that this condition was a disease which was caused by [claimant's] work."  Carpal tunnel syndrome is defined as "a complex of symptoms resulting from compression of the median nerve in the carpal tunnel, with pain and burning or tingling paresthesias in the fingers and hand, sometimes extending to the elbow."  Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 69, 461 S.E.2d 431, 433 (1995)(quoting Dorland's Illustrated Medical Dictionary 1289 (26th ed. 1985)).  This definition matches Dr. Chow's description of claimant's condition and places claimant's carpal tunnel syndrome "within the definition of disease set forth in Piedmont[Mfg. Co. v. East, 17 Va. App. 499, 438 S.E.2d 769 (1993)] and approved and applied by the commission in Perdue Farms, Inc. v. McCutchan."  McCutchan, 21 Va. App. at 68-69, 461 S.E.2d at 433; see Knott v.

3

Blue Bell, Inc., 7 Va. App. 335, 373 S.E.2d 481 (1988)(holding carpal tunnel syndrome was an occupational disease). Even if Dr. Chow had not specifically stated claimant's condition was a "disease," McCutchan states the commission may nonetheless "make its determination on the basis of established medical classification and terminology." McCutchan, 21 Va. App. at 73, 461 S.E.2d at 435 (affirming commission's award of benefits for claimant's carpal tunnel syndrome where claimant's condition "did not present an obvious, sudden mechanical or structural change in her body").

Accordingly, we affirm the commission's decision.

Affirmed.

4