COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Overton
Argued at Salem, Virginia


BRISTOL COMPRESSORS AND
 NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH                    MEMORANDUM OPINION[*]
                                      BY JUDGE JOSEPH E. BAKER
v.         Record No. 2303-94-3         DECEMBER 19, 1995

HARRY E. WATERS


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Michael F. Blair (Penn, Stuart, Eskridge & Jones,
              on brief), for appellants.

              Stephen A. Vickers (Vickers & Moffatt, on brief),
              for appellee.


     In this appeal from a decision of the Workers' Compensation

Commission (commission), Bristol Compressors (employer) contends

that the commission erroneously found that Harry Waters

(claimant) proved a compensable injury by accident arising out of

and in the course of his employment.  Therefore, employer

contends that the commission wrongfully entered an award of

benefits for the injury.  Employer argues that the record does

not contain sufficient credible evidence to support the award.

     In claimant's "CLAIM FOR BENEFITS" form[1] and request for

rehearing, he described the accident as having occurred when his

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]This application was forwarded to the commission by letter
dated February 10, 1994 and stated that the accident had occurred
on November 1, 1993.

"foot slipped on a greasy skid and caused the claimant to fall."
Following a hearing on May 4, 1994, the deputy commissioner found that claimant did not prove a compensable injury by accident arising out of and in the course of his employment.

On appeal from that decision, the full commission found ". . . that the injury resulted from contaminants on the pallet or because of the unusually low height of the step, or a combination of the two factors, and is compensable."[2]

On appeal, we state the facts in the light most favorable to claimant as the prevailing party below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 339 S.E.2d 916 (1986). At approximately 5:30 a.m. on November 1, 1993, while working his usual 7:00 p.m. to 7:00 a.m. work shift, claimant sustained a broken ankle. Claimant filed a claim for workers' compensation benefits using a commission form. He answered the "How Occurred" question by saying his "[f]oot slipped on a greasy skid and caused [him] to fall." At the hearing, and in a pretrial interview, claimant denied seeing oil on the floor or pallet; however, he consistently testified that while he did not see oil, it always was there due to leaking machinery. He said the skid, alternately referred to as a pallet, was greasy, and he always had oil on his boots. When asked what was responsible for his injury, claimant responded, "The skid. If there were not skids

---

[2]Claimant testified that the height of the pallet was six to eight inches.

in front of the machines and you had to back off of them or if there was a safer way of coming down off of them, I wouldn't have broke [sic] my leg. No way."

Claimant further testified that immediately prior to his fall, his machine was "down." In such cases, his job required that he offer to relieve a co-worker, and claimant ascended to make that offer. When the co-worker declined his offer, due to the existing physical conditions, claimant was required to back down off of the greasy six to eight inch pallet to return to his work station.

Employer argues that there is no evidence in this record to support the commission's finding that the injury occurred in the manner stated by the commission. We disagree.

There is evidence that the pallet was greasy and that claimant backed off of it as he descended from his co-worker's station. Claimant stated that the cause of his fall and injury was the greasy skid in front of the machine that constantly leaked oil, compiled with the physical structure that required him to back off of the skid. While claimant did not say that he slipped on grease or oil, he did say his fall was caused by the "height of the skid" when he backed off, ". . . the height ratio."

We are of opinion that the foregoing evidence is sufficient to support the commission's finding that claimant sustained an injury in the course of his employment and arising out of a risk

he was subject to at the place thereof.  Accordingly, we affirm the award.

<u>Affirmed.</u>