COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


LEWIS A. WEIS

v.        Record No. 1657-95-2        MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
NATKIN & COMPANY, ET AL.              APRIL 30, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Edmund R. Michie (Gary W. Kendall; Michie,
        Hamlett, Lowry, Rasmussen & Tweel, P.C., on
        briefs), for appellant.

        Jill M. Misage (John M. Oakey, Jr.; McGuire,
        Woods, Battle & Boothe, L.L.P., on brief),
        for appellees The Rust Engineering Company,
        Stewart Mechanical Enterprises, and The
        Standard Fire Insurance Company.

        (Glenn S. Phelps; R. Ferrell Newman;
        Thompson, Smithers, Newman & Wade, on brief),
        for appellees Tidewater Construction Company
        and Liberty Mutual Fire Insurance Company.
        Appellees submitting on brief.

        (Mary Louise Kramer; Jennifer G. Marwitz;
        Sands, Anderson, Marks & Miller, P.C., on
        brief), for appellees Henkles & McCoy, Inc.
        and Liberty Mutual Fire Insurance Company.
        Appellees submitting on brief.

        (Ralph L. Whitt, Jr.; Sands, Anderson, Marks
        & Miller P.C., on brief), for appellees
        Catalytic, Inc. and National Union Fire
        Insurance Company of Pittsburgh.  Appellees
        submitting on brief.

        (Steven H. Theisen; Midkiff & Hiner, P.C., on
        brief), for appellees August Winter & Sons,
        Inc. and Sentry Insurance.  Appellees
        submitting on brief.

        No brief or argument for appellees Natkin &

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Company, Travelers Insurance Company, Babcock & Wilcox, Travelers Indemnity Company of Illinois, Stone & Webster, Continental Casualty Company, United Engineers & Constructors, Inc., Lummus Corporation, Transportation Insurance Company, Morrison Knudsen Company, R.S. Harritan Company, Inc., Employers Insurance of Wausau and Aetna Casualty & Surety Co.

Lewis A. Weis (claimant) appeals from a decision of the Virginia Workers' Compensation Commission (commission) that held he had not met his burden to prove he was entitled to compensation benefits for Stage 1 asbestosis from either of his thirteen former employers.[1]

The sole issue presented by this appeal is whether the commission erred by not applying the conclusive presumption provided in Code § 65.2-404(B) to the evidence of claimant's employment at Rust Engineering Company (Rust).

Viewing the evidence most favorable to the prevailing party below, Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), the record discloses that on May 18, 1991, Dr. Kirk Brendlinger communicated to claimant that claimant had contracted Stage 1 asbestosis. Shortly thereafter, claimant applied to the commission for compensation

---

[1]Briefly described, those named employers are: Natkin & Company; Stewart Mechanical Enterprises, Inc.; Babcock & Wilcox; Stone & Webster Engineering Corporation; Morrison Knudsen Company; R. S. Harritan Company, Inc.; United Engineers and Constructor, Inc.; Rust Engineering Company; Lummus Construction; Henkles & McCoy, Inc.; Tidewater Construction Company; August Winter & Sons, Inc.; and Catalytic, Inc.

benefits, claiming that his disease had been caused by his employment with the above-named defendant employers. Claimant's application--and later testimony--asserted that his last injurious exposure to asbestos was at each named employer.

Continuously between December 1980 and April 1982, claimant was employed by Rust at the West Point Paper Mill. During that period, for more than ninety work-shifts, in the course of his employment he was exposed in varying degrees to asbestos. Thereafter, at varying times, claimant worked for the other named employers, being exposed to asbestos during each employment but never for as many as ninety work-shifts. His last employment at which he was exposed to asbestos was with Natkin & Company (Natkin) at the Anheuser-Busch Plant site.

Rust argues that the evidence supports the finding that claimant has not met his burden to prove "the location of his last injurious exposure to asbestos"; that the burden is not on employer to prove that claimant was not injuriously exposed to asbestos, instead that burden is on claimant; that the commission's finding that claimant "cannot demonstrate any extended or intense exposure to asbestos" at any of his places of employment is a factual finding binding upon this Court; that Code § 65.2-404 does not relieve claimant of the burden to prove "the last time of exposure"; and, in the alternative to the above, there was credible evidence to show that claimant's last exposure to asbestos was from April 24, 1984 to July 11, 1984

while claimant was employed by Natkin on the Anheuser-Busch job.

It is undisputed that between December 1980 and April 1982, claimant was continuously employed by Rust as a supervisory pipefitter and that he frequently cut into asbestos pipe coverings causing asbestos dust to be released into the air. In "remov[ing] the pipe" "out [of] the building or whatever" "or off the roof" "the insulator would knock the insulation off" which created asbestos dust. Claimant testified in detail about how he was exposed to asbestos dust. Although he did not actually perform that work daily as a supervisor, his duties required that he be where asbestos removal was being performed on a daily basis. At no time was he supplied with masks or other protection from asbestos. When asked whether he was exposed to asbestos at Rust on more than ninety workdays, he testified that he was exposed to asbestos on "more like a year" of workdays. His evidence was not refuted.

In this appeal, claimant contends only that the commission erred when it did not find Rust liable because "he had a year's worth of exposure while working for Defendant Rust Engineering, and Va. Code Ann. § 65.2-404[B] [sic] provides a conclusive presumption of injurious exposure [when in the course of his employment an employee is] exposed [to asbestos for] 90 or more shifts of work."

> Code § 65.2-404(A)-(B) provides:
> **What employer and carrier liability.**--A. When an employee has an occupational disease that is covered by this title, the employer in whose employment he was last injuriously

exposed to the hazards of the disease and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier.

B. For the purposes of this section, "injurious exposure" means an exposure to the causative hazards of such disease which is reasonably calculated to bring on the disease in question. Exposure to the causative hazard of pneumoconiosis for ninety work shifts shall be conclusively presumed to constitute injurious exposure.

The commission stated its basis for denying benefits to claimant as follows:

The claimant carries the burden of proving that his exposure to asbestos was reasonably calculated to trigger the disease. Caudle-Hyatt, Inc. v. Mixon, 220 Va. 495, 260 S.E.2d 193 (1979). In the absence of 90 work-shifts of asbestos contact, the claimant has not carried his burden of proving the duration and intensity of exposure necessary to establish "injurious exposure" under the Act. The fact that he was present on these job sites, without evidence of intense or harmful exposure, is not a sufficient basis for finding injurious exposure.

If in finding an "absence of 90 work-shifts of asbestos contact," the commission was holding that there was no evidence that would support that finding, the commission erred.

Generally, a ruling by the commission that the claimant's evidence is insufficient to prove that an injury was causally related to the employment must be upheld on appeal because the question is one of causation, which is a factual determination frequently turning upon the weight and credibility accorded the evidence. Stancil v. Ford Motor Co., 15 Va. App. 54, 57, 421

- 6 -

S.E.2d 872, 874 (1992) (citing Code § 65.2-706(A)); see also Eccon Construction Company v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981).

The commission found that "[f]rom December 1980 to April 1982, the claimant was employed by Rust Engineering at the West Point Paper Mill, making 'tie-ins'. To do so, he had to cut through old insulation on the pipes, causing asbestos dust in the air. He estimates that he was exposed to asbestos during one year of this employment." The record supports that finding. Uncontradicted evidence shows that during his employment with Rust claimant was exposed to asbestos for more than ninety work days. Nevertheless, the commission inexplicably found that there was an "absence" of evidence of exposure for ninety work-shifts; therefore, the commission opined that claimant did not meet "his burden of proving the duration and intensity of exposure [at any employment] necessary to establish 'injurious exposure' under the Act."

To recover compensation benefits, the burden is on the claimant to establish by a preponderance of the evidence in whose employment he was last injuriously exposed to asbestos, Blue Diamond Coal v. Pannell, 203 Va. 49, 53, 122 S.E.2d 666, 669 (1961); Pocahontas Fuel Co. v. Godbey, 192 Va. 845, 852-53, 66 S.E.2d 859, 864 (1951), and the claimant must prove that the exposure was "reasonably calculated to bring on the disease in question." Mixon, 220 Va. at 499, 500-01, 260 S.E.2d at 195,

196. The definition of "injurious exposure" contained in Pocahontas has been supplanted by the statutory definition of "injurious disease." See Mixon, 220 Va. at 499, 260 S.E.2d at 195. Liability may be fixed only on one employer and that is the employer at which the claimant proved he was "last injuriously exposed," not merely exposed. Hawkeye Security v. McDaniel, 210 Va. 209, 212, 169 S.E.2d 582, 585 (1969).

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988) (citation omitted); see also Chase Packaging Corp. v. Dorsey, 15 Va. App. 248, 251, 421 S.E.2d 907, 909 (1992). Applying that principle to all the employers for whom claimant did not work more than ninety work-shifts, we are bound by the commission's decision that the evidence did not support claimant's assertion that he was last injuriously exposed to asbestos while in the employment of any of those employers. However, because the evidence does disclose that claimant was employed by Rust for more than ninety work-shifts, we are not bound by the commission's finding that claimant did not meet the burden required by the Act to entitle him to compensation benefits from Rust for Stage 1 asbestos.

Notwithstanding the commission's use of the phrase "in the absence of 90 work-shifts," the record unmistakably shows that while in Rust's employ and in the course of that employment for a

- 8 -

period of more than "90 work-shifts," claimant was exposed to asbestos. Thus, pursuant to the provisions of Code § 65.2-404(B), the commission was required to conclusively presume that claimant was injuriously exposed to asbestos that caused the Stage 1 asbestosis from which claimant suffers.

The commission was not plainly wrong in its decision that claimant failed to meet his burden to show that his exposure to asbestos at any of his employers for whom he worked after leaving Rust caused him to contract asbestosis. The evidence of his exposure to asbestos presented against those employers clearly was insufficient to invoke the provisions of subsection (B) of Code § 65.2-404.

For the reasons stated, except as to Rust, we affirm that portion of the commissions's finding which held that claimant had not met his burden to prove he was last injuriously exposed to asbestos in the course of his employment with any of the defendant employers. As to Rust, we hold that claimant has met his burden to prove that he had been exposed to the causative hazard of the disease of asbestosis for ninety work-shifts while in the employ of Rust and, therefore, with the aid of the conclusive presumption, claimant met his burden to prove that he was last injuriously exposed to the asbestos which was the cause of his Stage 1 asbestosis while in the course of his employment with Rust.

Accordingly, the decision of the commission is affirmed as

to all defendants except Rust, and this case is remanded to the

commission with instructions to enter an award consistent with

this opinion.

Affirmed in part,
reversed in part
and remanded.
