COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


LARRY R. BEARD

v.          Record No. 1261-95-3       MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
CITY OF DANVILLE PUBLIC WORKS,              APRIL 30, 1996
 DANVILLE REGIONAL MEDICAL CENTER,
 DANVILLE ORTHOPEDIC CLINIC, INC. and
 DANVILLE SURGICAL NEUROLOGY, INC.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          James B. Feinman (Esther S. McGuinn; James B.
          Feinman & Associates, on briefs), for
          appellant.

          No brief for appellee City of Danville Public
          Works.

          R. Lee Yancey (Kevin S. Weekly; Clement &
          Wheatley, on brief), for appellee Danville
          Regional Medical Center.

          Robert L. Morrison, Jr. (Williams, Stilwell,
          Morrison, Williams & Light, on brief), for
          appellees Danville Orthopedic Clinic, Inc.
          and Danville Surgical Neurology, Inc.



        On appeal from a decision of the Virginia Workers'

Compensation Commission denying an award of attorney's fees

pursuant to Code § 65.2-714, Larry R. Beard contends that the

commission erred in finding that an award of attorney's fees was

not authorized.  We find no error and affirm the decision of the

commission.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the party prevailing below. <u>Crisp v. Brown's Tysons Corner Dodge, Inc.</u>, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). The findings of the commission, if based on credible evidence, are conclusive and binding on this Court. <u>Morris v. Badger Powhatan/Figgie Int'l, Inc.</u>, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

On October 7, 1992, Beard suffered a back injury arising out of and in the course of his employment with the City of Danville Public Works (City of Danville). Pursuant to a memorandum of agreement, the commission entered an award of benefits beginning October 19, 1992, with medical benefits continuing for as long as necessary.

By letter dated September 10, 1993, James B. Feinman notified the employer's workers' compensation carrier, Consolidated Risk Management Services (CRMS), that he represented Beard.

In September, 1993, Dr. Lawrence Cohen, Beard's attending orthopedic surgeon, recommended surgery for his recurrent herniated disc. At Dr. Cohen's request, a second opinion was obtained from Dr. Joel Singer, a neurosurgeon. Dr. Singer agreed with Dr. Cohen's recommendation and proposed to assist in the surgery. The surgery was pre-approved by CRMS and this pre-approval was communicated to Dr. Singer on October 7, 1993, and to Dr. Cohen on November 2, 1993.

CRMS scheduled an independent medical examination for Beard with Dr. Derian at Duke University Medical Center on October 21, 1993.  The purpose of this examination was to confirm the diagnoses of Dr. Cohen and Dr. Singer and the necessity for the scheduled surgery.  Beard did not keep this appointment.  Neither he nor Mr. Feinman notified either Dr. Derian or CRMS in advance that he would not appear.

On November 4, 1993, Dr. Cohen and Dr. Singer performed the scheduled surgery.  On December 1, 1993, CRMS applied for a hearing before the commission, seeking to suspend Beard's weekly benefits due to his failure to attend the independent medical exam.  CRMS sought medical authorization and records from Beard in order that it might submit these to Dr. Derian to confirm Beard's earlier diagnoses.  Mr. Feinman rejected this request, informing CRMS that it would be required to use legal process to obtain the desired information.

The deputy commissioner conducted a hearing on March 15, 1994.  Because CRMS had received the requested medical information only a week before the hearing, the record was left open so that Dr. Derian might review this information.  After Dr. Derian had reviewed Beard's medical records, he advised the City of Danville that the surgery was reasonable and necessary.  On April 5, 1994, the City of Danville withdrew its application to terminate Beard's benefits.

At the March 15, 1994 hearing, Mr. Feinman moved for

attorney's fees pursuant to Code § 65.2-714(B).  On October 24, 1994, the deputy commissioner denied the motion finding that Code § 65.2-714(B) applies only to "contested claims" and that Beard's claim had been accepted as compensable from its inception.

On review, the full commission affirmed the deputy commissioner's decision, finding that the claim was not disputed and that the health care providers had not benefited from Mr. Feinman's involvement because CRMS had pre-approved the surgery. Mr. Feinman moved for reconsideration.  On April 11, 1995, the commission again affirmed the deputy commissioner's decision, finding that although the medical bills were contested, they were not determined by the commission to be reasonable and necessary, as required by Code § 65.2-714.

Mr. Feinman filed a second motion for reconsideration.  The commission denied the motion, holding that Code § 65.2-714 requires attorney's fees when benefits for medical services are awarded after a hearing on the claim or after abandonment of a defense, but that the medical bills in this case were not approved as a result of dispute and litigation and were not before the commission on an initial disputed claim.  The commission also found that CRMS had not abandoned a defense because it had not contested payment.

The commission did not err in holding that Mr. Feinman was not entitled to attorney's fees under Code § 65.2-714.

> Virginia Code Ann. § 65.2-714 (B) provides:
> If a contested claim is held to be compensable under

- 4 -

> this title and, after a hearing on the claim on its merits or after abandonment of a defense by the employer or insurance carrier, benefits for medical services are awarded and inure to the benefit of a third party . . . health care provider, the Commission shall award to the employee's attorney a reasonable fee and other reasonable pro rata costs as are appropriate from the sum which benefits the thirty party . . . health care provider.

Credible evidence in the record establishes the following: The claim was accepted by CRMS as compensable from its inception. Neither the City of Danville nor CRMS asserted or abandoned a defense. They sought only clarifying information, which Beard and Mr. Feinman denied. The health care providers gained no benefit from Mr. Feinman's involvement in the matter.

The decision of the commission is affirmed.

<u>Affirmed.</u>