COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


COURTAULDS PERFORMANCE FILMS, ET AL.

v.          Record No. 1961-95-3          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
JOSEPH D. RICCHETTI                            APRIL 30, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Joseph C. Veith, III (Montedonico, Hamilton &
            Altman, on brief), for appellants.

            Stephen G. Bass (Carter, Craig, Bass, Blair &
            Kushner, P.C., on brief), for appellee.


     Joseph Ricchetti suffered an injury by accident in April

1994 while employed with Courtaulds Performance Films (employer).

The Workers' Compensation Commission awarded him benefits based

on this injury.  Employer challenges the decision of the

commission as to the sufficiency of the evidence supporting the

award and the admission of the Employer's First Report of

Accident before the commission.  We find that credible evidence

supports the findings of the commission and affirm the

commission.

     The parties are fully conversant with the record to this

case, and a recitation of the facts is unnecessary to this

memorandum opinion.

     Guided by well established principles, we construe the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence in the light most favorable to the party prevailing below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). "[A] determination of causation is a factual finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In this case, the testimony and medical records provided credible evidence to support the commission's finding that Ricchetti had sustained a compensable injury by accident on April 23, 1994. Ricchetti's own testimony as to the events of that day was uncontradicted. The medical reports of two doctors link his disability to the accident occurring that day.

Employer assigns error to the consideration by the full commission of the Employer's First Report of Accident, a mandatory preliminary accident report. Because we find that the evidence without this report is sufficient to support the

commission's award of benefits, we need not decide whether the consideration of this document constitutes error.

The award of the commission is affirmed.

<u>Affirmed.</u>
