COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


ELVA PAULINE FRYE

v.          Record No. 3008-95-4        MEMORANDUM OPINION* BY
                                         JUDGE RICHARD S. BRAY
LEGGETT, ET AL.                              MAY 7, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Michael W. Heaviside (Ashcraft & Gerel, on
              brief), for appellant.

              Edward H. Grove, III (Brault, Palmer, Grove,
              Zimmerman, White & Mims, on brief), for
              appellees.



     Elva Pauline Frye (claimant) appeals the decision of the

Workers' Compensation Commission (commission) denying her

application for reinstatement of temporary total disability

benefits.  Contrary to the commission's finding, she contends

that sufficient evidence supported her claim of a change in

condition.  We disagree and affirm the commission.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.  Guided by well established principles, we construe the

evidence in the light most favorable to the party prevailing

below, Leggett (employer) in this instance.  Crisp v. Brown's

Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916,

916 (1986).

────────────────────
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Claimant, a beauty consultant, sustained a work-related injury on August 8, 1991, and was awarded temporary total disability benefits.[1]  Her treating physician, Dr. Thomas W. Daugherty, released claimant to pre-injury employment beginning October 22, 1991, with instructions to avoid "heavy lifting." After several months of "light duty" work with employer, claimant resigned and accepted a position with J. C. Penney.  She remained with J. C. Penney until her resignation on December 24, 1992, and has since worked for only one day.  On June 13, 1994, claimant filed an application alleging a change in condition attributable to the original injury and seeking temporary total disability benefits, commencing March 21, 1994.

Dr. Daugherty advised claimant's counsel on March 21, 1994, that, "[claimant] continues to be disabled as a direct result of her industrial accident on August 8, 1991," adding that her "ongoing symptom complex [is] all totally, completely and fully related to her August 8, 1991, event."  However, in November, 1994, Dr. Daugherty noted that claimant's "neck, shoulder and back are all giving her lots of problems," but he was then unable to "specifically diagnose why she was having this much trouble."  The following month, he reported that claimant's MRI diagnostic tests "are within normal limits . . . .  Believe she has

_____

[1]Claimant received benefits for the periods August 30, 1991, to October 20, 1991, and September 4, 1992, to September 26, 1992.  She was denied benefits beginning December 24, 1992, and continuing.

basically recovered from the symptoms she was experiencing secondary to the post traumatic condition of 8/13/91." Nevertheless, Dr. Daughtery opined in June, 1995, that claimant "continues to be disabled from her previous level of gainful employment," and "[r]eexamination of the patient . . . confirms . . . the opinions stated in [the March 21, 1994] letter."

An employee seeking reinstatement of disability benefits resulting from a change in condition must prove by a preponderance of the evidence that (1) there has been a change in employee's capacity to work, and 2) if so, that the change is due to a condition causally connected with the injury originally compensated. King's Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148 (1984); see Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "Unless we can say as a matter of law that the evidence submitted by [claimant] was sufficient to sustain [her] burden [of proof], . . . the commission's finding . . . is binding and conclusive upon us." Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission characterized Dr. Daugherty's medical evidence as "contradictory," providing "no assessment of total disability" or "the extent of . . . disability" and concluded that claimant had failed to establish a "change in her capacity to work . . . causally connected to the original injury." This finding enjoys substantial support in the record and will not be

disturbed on appeal.

Accordingly, we affirm the decision of the commission.[2]

<u>Affirmed.</u>

---

[2]We decline to address claimant's efforts to market her residual work capacity.