COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Overton
Argued at Norfolk, Virginia

NORFOLK SHIPBUILDING &
 DRYDOCK CORPORATION
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1257-96-1      JUDGE NELSON T. OVERTON
                                       NOVEMBER 26, 1996
ARTHUR J. ROBINSON

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Gerard E. W. Voyer (Donna White Kearney;
        Taylor & Walker, P.C., on brief), for
        appellant.

        John H. Klein (Matthew H. Kraft; Rutter &
        Montagna, L.L.P., on brief), for appellee.


    Norfolk Shipbuilding & Drydock Corporation, the employer,
appeals from an award of benefits to Arthur J. Robinson for an
injury by accident he sustained during his employment. We find
that credible evidence supports the findings of the commission
and affirm the commission.

    The parties are fully conversant with the record to this
case, and a recitation of the facts is unnecessary to this
memorandum opinion.

    Guided by well-established principles, we construe the
evidence in the light most favorable to the party prevailing
below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App.
503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). "[A] determination of causation is a factual finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The commission found, from the testimony of Robinson and corroborating medical records, that Robinson injured his knee during the execution of his job-related duty. The commission further found that Robinson continues to be partially disabled. Finally, the commission found that Robinson had adequately marketed his residual capacity. Because the record contains credible evidence to support these conclusions, we affirm the award of the commission.

The commission also held that Robinson was not discharged for just cause. Not every discharge to which the employer can assign a reason is a "justified" discharge, and the commission errs if it does not consider the nature of the conduct leading to the discharge. Eppling v. Schultz Dining Programs, 18 Va. App.

125, 128-29, 442 S.E.2d 219, 221-22 (1994).  The reasons given by employer in this case at best show a misunderstanding, at worst a laziness, resulting in slight inconvenience to the employer. They do not demonstrate "the type of willful misconduct or misbehavior that, upon termination, justifies a forfeiture of workers' compensation benefits."  Id. at 130, 442 S.E.2d at 222.

Accordingly, the commission's decision is affirmed.

Affirmed.