COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MCQUAY INTERNATIONAL, ET AL.
                                        MEMORANDUM OPINION[*] BY
v.         Record No. 1773-96-3       JUDGE NELSON T. OVERTON
                                          FEBRUARY 25, 1997
RICHARD C. WAMPLER, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Joseph C. Veith, III (Montedonico, Hamilton &
               Altman, P.C., on brief), for appellants.

               Terry L. Armentrout (Armentrout & Armentrout,
                on brief), for appellee.


        McQuay International appeals from a decision of the Workers'

Compensation Commission awarding ongoing partial disability

benefits to its employee, Richard C. Wampler.  Finding credible

evidence in the record to support this decision, we affirm.

        The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

        Guided by well-established principles, we construe the

evidence in the light most favorable to the party prevailing

below.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App.

503, 504, 339 S.E.2d 916, 916 (1986).  "If there is evidence, or

reasonable inferences can be drawn from the evidence, to support

the Commission's findings, they will not be disturbed on review,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

The record demonstrates credible evidence to support the commission's finding of partial disability.  The last medical record in effect contained restrictions upon Wampler's activity. The lack of medical documentation after that time was not due to an unwillingness to seek treatment or an absence of a need for treatment, but was due solely to the employer's denial of his claim.

Credible evidence also supports the finding that the claimant adequately marketed his residual capacity.  Wampler's uncontradicted testimony and documentation establish that he searched for a number of jobs and had registered with the Virginia Employment Commission.  Dates and names are not required to prove that the contacts took place.

Accordingly, the commission's decision is affirmed.

Affirmed.