COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued by Teleconference


JOHN WARNER T/A JOHN WARNER CONSTRUCTION

v.        Record No. 2556-96-4

WILLIAM MARSH                          MEMORANDUM OPINION[*] BY
                                       JUDGE NELSON T. OVERTON
UNINSURED EMPLOYER'S FUND                  JUNE 10, 1997

v.        Record No. 2604-96-4

WILLIAM MARSH


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Douglas E. Bywater (Tate & Bywater, Ltd., on
              brief), for John Warner t/a John Warner
              Construction.

              Paul S. Stahl, Assistant Attorney General
              (James S. Gilmore, III, Attorney General;
              John J. Beall, Jr., Senior Assistant Attorney
              General, on brief), for Uninsured Employer's
              Fund.

              Robert A. Mordhorst (Mordhorst & Taweel, on
              brief), for William Marsh.


     The Uninsured Employer's Fund and John Warner each appeal

the decision of the Workers' Compensation Commission awarding

benefits to William Marsh for injuries by accident to his back

and shoulder.  The Fund appeals the compensability of the

shoulder injury and further contends that the commission erred in

entering the award against the general contractor as a

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

corporation instead of as an individual.  John Warner, Marsh's direct employer and a subcontractor, also appeals the compensability of the shoulder injury, as well as the back injury.[1]  We affirm the decision of the commission as to compensation, but remand with instructions to vacate the award against the general contractor as a corporation and enter it against the general contractor as an individual.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

Both the Fund and John Warner claim that the commission erred in finding that Marsh's shoulder injury was a compensable injury by accident.  Guided by well established principles, we construe the evidence in the light most favorable to the party prevailing below.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie

---

[1]Because John Warner did not ask for a review by the full commission of the deputy commissioner's finding as to the back injury, this issue does not properly come before the Court on appeal.  As such, we do not address John Warner's contention.

Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

The record contains evidence that Marsh's shoulder, although previously injured, underwent a significant structural change as a result of the incident in question. Marsh's treating physician, in his notes, letters, and interrogatories, opined that the incident caused the change in his shoulder and necessitated surgery. The physician also made a seemingly inconsistent opinion, but this represents at best an internal conflict of an expert that was resolved by the commission in favor of the claimant. That determination is supported by credible evidence and is binding and conclusive on appeal. See Greif Cos./Genesco, Inc. v. Hensley, 22 Va. App. 546, 552, 471 S.E.2d 803, 806 (1996).

We agree with the Fund's second contention that the commission entered the award against an incorrect employer. As general contractor on the construction site, both P.D. Gravett as an individual and P.D. Gravett Management Services were before the commission as defendants. The commission's file indicated that P.D. Gravett Management Services had been terminated as a

3

corporation six months before the accident.  The owner of the property stated that P.D. Gravett was a general contractor retained as an independent contractor to supervise the building of residential houses.

"It is well established that any actions performed by the directors or officers after dissolution, if not related to the process of winding up the corporation's affairs, should be deemed individual actions, with concomitant individual liability therefor.  If an entity is no corporation at all, the individuals who conduct its affairs must be personally liable for their acts."  Hudgins v. IRS, 132 B.R. 115, 117–18 (E.D. Va. 1991).  When Marsh was injured, Gravett as an individual was the general contractor and was not a representative of P.D. Gravett Management Services, which at that time did not exist.  Therefore, Gravett was personally liable.

We affirm the decision of the commission as to all issues raised by the parties, except that we remand to the commission with instructions to vacate the award against P.D. Gravett Management Services and enter an award against P.D. Gravett as an individual.

Affirmed in part<br>and remanded.

4