COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


ITT TEVES AUTOMOTIVE and
 PACIFIC EMPLOYER'S INSURANCE COMPANY
                                          MEMORANDUM OPINION[*] BY
v.    Record No. 0096-97-4               JUDGE ROSEMARIE ANNUNZIATA
                                              OCTOBER 21, 1997
LORRAINE HILDA JOHNSON


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Douglas A. Seymour (Law Offices of Harold
             MacLaughlin, on brief), for appellants.

             V.R. Shackelford, III (Shackleford,
             Honenberger, Thomas, Willis & Gregg, P.L.C.,
             on brief), for appellee.


        ITT Teves Automotive and Pacific Employer's Insurance

Company (appellants) appeal the decision of the full commission

awarding temporary total disability (TTD) compensation to

Lorraine H. Johnson (claimant). Specifically, appellants argue

that the credible evidence was insufficient to support the

commission's finding that the claimant made a reasonable effort

to market her remaining work capacity under the standards set

forth in National Linen Serv. v. McGuinn, 8 Va. App. 267, 380

S.E.2d 31 (1989). For the reasons which follow, we affirm.

        The incident underlying the workers' compensation claim

occurred on March 5, 1992 when claimant developed a knot on her

left hand at work. The ganglion cyst which formed there was

--------

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

surgically removed on March 25, 1992.  Claimant continued to experience persistent arm and hand pain after the surgery which was diagnosed as reflex sympathetic dystrophy.  On May 24, 1993 Dr. Victor C. Lee, her attending physician following the surgery, declared her "totally disabled from all work duties."

Two years later, claimant returned to selective employment and worked limited hours.  The return to restricted work was approved by Dr. Lee on April 10, 1995.  Claimant received temporary partial disability (TPD) compensation in addition to her income upon a Supplemental Award entered on January 26, 1996.  She was able to work with her remaining capacities for nine months until she was terminated in February 1996.  Claimant inspected rejected automotive brake parts to verify that they were properly rejected by lifting the brake parts with her functional hand, looking at the parts, and placing them in an appropriate container.

Dr. Lee's medical report dated February 20, 1996 and testimony in his May 30, 1996 deposition described claimant's restrictions as follows: "restricted use of the entire upper left extremity to assisting only"; unable "to grasp, lif[t], or pull with that hand"; and cannot "climb ladders or do any overhead reaching because of two-handed requirement."  He also notes that the use of her right hand and arm was restricted to those activities "which can be reasonably done with one hand and arm," with "frequent periods of alternating sitting and standing

2

positions," and she "cannot perform any activities which require stooping or falling."

At appellants' request, Dr. Abraham A. Cherrick evaluated claimant on December 13, 1995. In Dr. Cherrick's opinion, claimant was capable of restricted full time work with limited use of her left arm.

This matter came before the Virginia Workers' Compensation Commission upon the application of ITT Teves, insurer, and claimant. After she was terminated due to a lack of work, claimant applied for reinstatement of TTD compensation on February 26, 1996. Appellants filed on February 29, 1996 to terminate her disability award.

The deputy commissioner denied both applications and entered a TPD award in favor of claimant, finding that: (1) claimant was incapable of returning to her pre-injury work; (2) her current disability was related to the March 5, 1992 work injury; (3) she did not procure benefits by misrepresentation; (4) her request for TTD was denied based on her failure to make reasonable effort to market her residual work ability; (5) she was entitled to cost of living increases; and (6) she was entitled to TPD at the weekly rate of $93.62 from July 15, 1995 and continuing until conditions justify a modification thereof.

On appeal by both parties, the full commission affirmed the deputy commissioner's findings 1, 2, 3 and 5 and reversed findings 4 and 6. Specifically, the commission found the

3

employee had made a reasonable effort to market her remaining work capacity, and, therefore, awarded TTD compensation at the weekly rate of $251.47 commencing on February 9, 1996.

A disabled employee is required to make a reasonable effort to market her remaining work capacity in order to receive workers' compensation benefits. See National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989); Great Atlantic & Pacific Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987) ("The employee must . . . exercise reasonable diligence in seeking employment and what is reasonable in a given case will depend upon all of the facts and surrounding circumstances."). On appeal, this Court must review "the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the Industrial Commission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989) (citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)). Where, as in this case, there is "no conflict in the evidence, 'the question of the sufficiency of the evidence is one of law.'" CLC Constr., Inc. v. Lopez, 20 Va. App. 258, 267, 456 S.E.2d 155, 159 (1995) (quoting National Linen, 8 Va. App. at 270, 380 S.E.2d at 33).

To determine whether the claimant made a reasonable effort

4

commensurate with her abilities, the commission should consider such factors as:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting the job search; (5) the availability of jobs in the area suitable for the employee, considering [her] disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen, 8 Va. App. at 272, 380 S.E.2d at 34.

"'The commission . . . determines which of these or other factors are more or less significant with regard to the particular case.'" Lynchburg Gen. Hosp. v. Spinazzolo, 22 Va. App. 160, 168, 468 S.E.2d 146, 150 (1996) (quoting National Linen, 8 Va. App. at 272-73, 380 S.E.2d at 34-35).

Appellants contend claimant's evidence relating to the nature and extent of her job search and to her intent in conducting the search was not credible and that the commission's reliance on it was error. The evidence shows that, during the ten months she searched for employment, claimant registered with the Virginia Employment Commission (VEC), looked in the newspaper, and asked a few individuals about working with abused children and about some unidentified positions at the University of Virginia. She presented no documentary evidence of her enrollment with the VEC nor of her compliance with the VEC's minimum weekly required job contact. The record does not show what employment opportunities she found in the newspaper.

5

With respect to claimant's intent in conducting her search, appellants argue that she placed unwarranted limitations on the kind of work she would accept and unduly narrowed the job search to work with children and work near her home. Noting that she had worked for ITT Teves Automotive in Culpeper and travelled to Charlottesville to receive medical treatment, appellants contend that, viewed as a whole, the claimant's job search efforts do not reflect a good faith effort to market her remaining work capacity as required by Code § 65.2-510.

Claimant argues her residual capacity to work is severely limited by her physical condition and by the restrictions set by Dr. Lee. She was limited to working with one arm and needed to alternate frequently between periods of sitting and standing. She also contends her training was limited. She was terminated from employment at 48 years of age, and evidence of her work experience discloses she had been employed as a waitress, a worker assembling circuit breakers, a manufacturer of fire extinguishers and an assembly line worker for employer since 1980. She completed the 11th grade and had no work training other than the on-the-job training with ITT Teves Automotive. Her work with employer was specialized, and her work skills and experience were not readily transferable to other jobs. With respect to the nature and extent of her job search, claimant points to the evidence that she registered with the VEC, reviewed help wanted ads, and made inquiries about jobs in Culpeper,

6

Fredericksburg and Charlottesville. She further notes that she lives in an isolated, rural area with few job opportunities. Finally, she argues that employer offered her no vocational training or job placement services after she was laid off.

Under this Court's standard of review, we find the evidence is sufficient to affirm the commission's credibility determination that claimant, in fact, contacted employers in search of employment and its finding that claimant made reasonable efforts to market her residual capacity. Our review of the evidence of claimant's job search, in the context of her injury, her restrictions and her work experience, establishes that the commission did not err in its decision and that its award of total incapacity benefits from February 9, 1996, through the time of the evidentiary hearing on May 10, 1996, must be affirmed.

Affirmed.
