COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


ACE HOUSE MOVERS, INC. AND
 COMMERCIAL UNION INSURANCE COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 1494-99-1          JUDGE ROBERT P. FRANK
                                         MAY 9, 2000
MICHAEL N. JACKSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Susan Moloney Smith (Midkiff & Hiner, P.C.,
            on brief), for appellants.

            David A. Buzard (Carlton F. Bennett; Bennett
            and Zydron, P.C., on brief), for appellee.


     Ace House Movers, Inc. and Commercial Union Insurance

Company (appellants) appeal the decision of the Workers'

Compensation Commission (commission) awarding benefits to

Michael N. Jackson (claimant).  On appeal, they contend the

commission erred in finding claimant presented sufficient

evidence that the medical treatment he received after March 1,

1997 was causally related to the January 27, 1996 industrial

accident in which he was injured.  We disagree and affirm the

commission's decision.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.  ANALYSIS

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989) (citing Code § 65.1-98, now Code § 65.2-706).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citing Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985)).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990) (citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)).

In its opinion, the commission held:

> The sole issue on review is whether the claimant's treatment after March 1, 1997, is causally related to the January 27, 1996, compensable accident.  After careful review of the record, we find the subsequent treatment is related to the compensable accident.  In reaching this conclusion, we note that the claimant's testimony concerning a March 1, 1997, slip at work was that it did not cause him any additional problems.  In fact, the claimant did not end up actually falling.  Dr. Meade, in his December 1, 1997, letter, stated that this

-

was not a new injury, but rather the result of the claimant's pre-existing ACL injury and his torn lateral meniscus. His ongoing reports reflect a previous peripheral tear of the medial meniscus that was still causing the claimant residual pain. The treatment the claimant received since March 1, 1997, appears to be the same ongoing treatment with the same symptoms experienced subsequent to the January 1996 accident. While there may have been a pre-existing ACL condition, there is no evidence that this condition was symptomatic prior to the January accident. While the claimant had other injuries to different body parts, there is no evidence of any injury to his right knee which caused the necessity for the ongoing treatment received since the January 1996 accident.

In reviewing the record, we find there is credible evidence to support the commission's finding of causation.

For the reasons stated in the commission's opinion, we affirm.

<u>Affirmed.</u>